(No. 36846.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY WALLENBERG, Plaintiff in Error.

*Opinion filed March 23, 1962.*

JULIUS LUCIUS ECHELES and THOMAS P. CERNEK, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant Anthony Wallenberg was indicted together with one John Prochut in the criminal court of Cook County on a charge of robbery of one Walter P. Wojcik. They both pleaded not guilty and were tried by the court without a jury. Both defendants were found guilty and were sentenced to the penitentiary for terms of not less than 9 years nor more than 15 years.

The defendant Wallenberg alone brings this writ of error, contending that the court erred by considering matters not in the record in determining his guilt; in limiting the examination of a defense witness on a material issue; and in permitting inquiry of a witness for the defendant Wallenberg whether he had been previously convicted of a crime.

The material facts as disclosed by the testimony show that Wojcik operated a tavern at 3415 West 51st Street in the city of Chicago. On July 8, 1960, at about 3:15 P.M. in the tavern, two men drew pistols and robbed him of $725. The same night at a police lineup Wojcik identified Prochut and Wallenberg as the men who had robbed him.

Wallenberg was a truck driver, and his principal defense is an alibi based on the testimony that at approximately 3:15 P.M. on July 8, 1960, he was at the corner of Western and Wabansia in the city of Chicago awaiting the arrival of a mechanic from his employer's company to fix a flat tire. It was established that Western and Wabansia is 79 blocks from the tavern on 51st Street. It is in connection with the alibi that defendant contends that he was limited in his examination of a defense witness on the issue of the length of time required to travel the distance between the tavern and the point at which Wallenberg contends he was at the time of the robbery. John Labuda, the defendant's employer, was asked to state the time it would take a person to drive the distance of approximately ten miles in the city of Chicago. An objection to the question was sustained and the answer stricken. We do not think the court erred in this ruling, since there was no foundation laid to show that he had driven the route that day, nor indeed on any other day, nor that the witness had any basis for an expert opinion on the question. Furthermore, the mechanic who had been dispatched to fix the flat tire on Wallenberg's truck was permitted to testify how long it had taken him to travel

from the truck terminal to Western and Wabansia, which was approximately half the distance from the tavern to Western and Wabansia. In addition to the failure to lay a proper foundation for the employer's testimony, its rejection would not be prejudicial error since the same or substantially the same evidence was admitted when a competent witness testified. *People* v. *Moretti,* 6 Ill.2d 494.

Defendant also claims that he was prejudiced by improper conduct of the prosecution in asking the witness Labuda if he had been sentenced to the penitentiary for robbery on February 8, 1926. The witness denied the conviction, and the prosecution made no attempt to prove the conviction of an infamous crime. While it is proper to show a witness has been convicted of an infamous crime in order to impeach his credibility, we condemn such interrogations unless the prosecution is actually prepared to make such a showing. In the case at bar, however, the question was stricken upon motion of the defendant, and the trial judge stated that there was nothing therein of probative value with respect to defendant Wallenberg. Since it appears that the court, as the trier of facts, was not improperly influenced by the question, the alleged misconduct was not prejudicial. *People* v. *Grodkiewicz,* 16 Ill.2d 192.

Returning to the question of the alibi, however, we feel that the court erred in considering matters which were not properly in the record. The defendant testified that he had a soft tire at Armitage and Leavitt and that because of traffic congestion he did not stop there but proceeded south on Leavitt to Wabansia and then west toward Western Avenue, and that there were no gas stations between these points where he might have obtained air for his tire. His employer testified that he returned to the terminal with a badly lacerated tire.

During the pronouncement of the guilty verdict, the

court commented on the testimony of the defendant and said: "He told me there were no gas stations on that stretch of the street where he could get air. I happen to know different. I don't believe his story." There had been no evidence introduced to rebut the defendant's testimony that there were no gas stations along the route he travelled.

This court has held that the deliberations of the trial judge are limited to the record made before him during the course of the trial. A determination made by the trial judge based upon a private investigation by the court or based upon private knowledge of the court, untested by cross-examination, or any of the rules of evidence constitutes a denial of due process of law. *People* v. *Thunberg,* 412 Ill. 565; *People* v. *Rivers,* 410 Ill. 410; *People* v. *Cooper,* 398 Ill. 468; *People* v. *McGeoghegan,* 325 Ill. 337.

The People insist that the trial judge had the right to determine the credibility of the witnesses, and that the proof was sufficient to establish defendant's guilt beyond a reasonable doubt. It is true that the robbery victim made a positive and unequivocal identification of the two defendants, and that a currency exchange receipt dropped at the scene of the robbery was linked to Wallenberg. While the evidence appearing in the record may be sufficient to establish the guilt of the defendant, the credibility of defendant and the defense of alibi were minimized and, in fact, entirely negated by the trial court's resort to personal beliefs.

The rule is clear that when the trial court is the trier of the facts every presumption will be accorded that the judge considered only admissible evidence and disregarded inadmissible evidence in reaching his conclusion. (*People* v. *Alexander,* 21 Ill.2d 347; *People* v. *Grodkiewicz,* 16 Ill.2d 192; *People* v. *Burts,* 13 Ill.2d 36.) Nevertheless the trial judge's statement, incorporated in the record, that he had considered matters which were not in evidence necessarily rebuts this presumption. Under the circumstances there is no alternative but to reverse and remand for a new trial.

Accordingly the judgment of the criminal court of Cook County will be reversed and the cause remanded for new trial.

*Reversed and remanded.*