2 Ill. App.3d 341 (1971)
276 N.E.2d 379
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
JOHNNY QUINN, Defendant-Appellant.
No. 54087.
Illinois Appellate Court  First District.
November 1, 1971.
*342 *343 Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and Nicholas Taubert, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE LYONS delivered the opinion of the court:
The defendant, Johnny Quinn, was charged with unlawful possession of a narcotic drug (heroin) in violation of Ill. Rev. Stat. 1963, ch. 38, par. 22-3. Following a bench trial, defendant was found guilty and was sentenced to serve not less than two nor more than six years in the Illinois State Penitentiary.
On appeal, defendant raises six issues:
1) Whether the trial court erred in disallowing the disclosure of a police informer's identity;
2) Whether defendant was deprived of his right to confront prosecution witnesses;
3) Whether the trial court erred by considering inadmissible evidence of defendant's guilt;
4) Whether the trial court erred in denying defendant's pre-trial motion to suppress physical evidence;
5) Whether defendant validly waived his right to a trial by jury;
6) Whether the trial court erred by denying defendant's motion for continuance.
The facts disclose that three Chicago police officers conversed with an undisclosed informer at Madison and Leavitt Streets, Chicago, at approximately 11:15 P.M. on June 29, 1966. The police had been working with this informer since 1964 and information supplied by the informer on prior occasions had led to approximately 35 arrests and 18 or 19 convictions. The informer revealed that he had just purchased narcotics from the defendant at the corner of Monroe and Leavitt Streets and that the defendant was making sales to other persons at that location. The informer also indicated that the defendant was operating out of the basement at 2208 West Monroe Street and was presently in possession of heroin. The police officers, who were themselves acquainted with the defendant, proceeded immediately to the vicinity of Monroe and Leavitt Streets and placed the area under surveillance. A few minutes later the police observed the defendant coming from the basement at 2208 West Monroe Street. The police walked up to the defendant, placed him under *344 arrest for unlawful possession of narcotics and recovered a plastic package containing two tin foil packets of heroin from his mouth. Defendant introduced a pretrial motion to suppress the evidence, i.e., heroin, which had been seized from him at the time of his arrest. The motion was denied after a hearing and defendant was tried by the court without a jury. At trial it was stipulated that the testimony adduced on the motion to suppress would be the same as that heard on trial.
Defendant's initial contention concerns the trial judge's refusal to allow disclosure of the informer's identity during the hearing on the motion to suppress. Though defendant was allowed to question the arresting police officers concerning facts bearing on the informer's reliability and credibility, he was not permitted to force disclosure of the informer's identity. Defendant asserts that the trial judge erred in disallowing disclosure and advances three theories in support of his contention. First, he argues that the informer was a material witness and, therefore, disclosure was required under the rule in Roviaro v. United States (1957), 353 U.S. 53; second, he argues that the reliability of the informer could be adequately determined only through disclosure; third, he argues that disclosure was required because the trial judge doubted the credibility of the police officers' testimony.
 1, 2 We find no merit in defendant's first contention. Defendant was charged only with the unlawful possession of narcotics, an offense in which the informer in no way participated, and the informer was not present at the time of defendant's arrest or during the search of his person. Hence, it is clear that the identity and testimony of the informer was neither material nor required under the Roviaro case. (McCray v. Illinois (1967), 386 U.S. 300; People v. Williams (1967), 38 Ill.2d 150; People v. Durr (1963), 28 Ill.2d 308; People v. Robinson (1969), 105 Ill. App.2d 57.) Thus, defendant's first theory in support of his initial contention is devoid of merit because it has no application to the instant case. Likewise, his second theory, which merely echoes the dissenting view of Mr. Justice Douglas in the McCray case, has no merit. It is well established that an informer's reliability may be determined without his presence in court or the disclosure of his identity. (See, e.g., United States v. Harris (U.S. June 28, 1971), 39 U.S.L.W. 4835.) Defendant contends, however, that the trial judge expressed doubt concerning the credibility of the police officers' testimony and thus should have required disclosure. While this theory might be valid under more appropriate circumstances, it has no application in the instant case because the record fails to disclose that the trial judge in any way disbelieved the police officers or doubted their credibility. Defendant would have us view certain remarks of the judge out of context, but we are not so inclined. When read in context, *345 as they must be if they are to be correctly understood, the judge's remarks indicate quite clearly that he was entirely convinced, by the evidence submitted in open court and subject to cross-examination, that the police officers did rely in good faith upon credible information supplied by a reliable informant.
The arresting officers in this case testified fully and in precise detail as to what the informer told them and as to why they had reason to believe his information was trustworthy. Each officer was under oath and each was subjected to searching cross-examination. The judge was obviously satisfied that each was telling the truth, and for that reason he exercised the discretion conferred upon him by the established law of Illinois to respect the informer's privilege. We find no reason to disturb the trial court's judgment in this regard.
 3 For his second contention defendant asserts that he was denied his constitutional right to confront witnesses because the trial judge sustained a number of State objections made during the defense examination of the arresting officers. An examination of the State's objections reveals, however, that they were made upon proper evidentiary grounds, i.e., that the defense questions were not material or that they were aimed at disclosure of the informer's identity. Hence it is clear that defendant's claim of a deprivation of constitutional rights is without merit. See People v. McCray (1965), 33 Ill.2d 66, aff'd, McCray v. Illinois (1967), 386 U.S. 300; People v. Robinson (1969), 105 Ill. App.2d 57; People v. Bills (1967), 84 Ill. App.2d 329.
Defendant's third contention concerns an admission he made in open court during the hearing on his motion to suppress. Defendant testified at the hearing and stated, in response to a question posed by defense counsel, that he did, in fact, have narcotics in his mouth at the time of his arrest and that these narcotics were seized by the arresting officers. Defendant did not testify at trial, however, and he now contends that the trial judge found him guilty only because the judge relied upon his pre-trial admission that he was in possession of narcotics at the time of his arrest. Such conduct, defendant argues, constituted a denial of his constitutional right against self-incrimination. In support of his contention defendant refers this court to a dialogue between the trial judge and the defense lawyer wherein the judge made reference to defendant's pretrial admission. According to defendant, this reference by the judge "illustrated that in his thought processes on the issue of guilt or innocence the court was considering the defendant's testimony heard on the motion to suppress." (Def. Br. at p. 28.)
 4-6 In presenting his contention, however, defendant overlooks several significant considerations. First, the rule is well-established that when *346 the trial court is the trier of facts every presumption will be accorded that the judge considered only admissible evidence and discarded inadmissible evidence in reaching his conclusion. (People v. Robinson (1964), 30 Ill.2d 437; People v. DeGroot (1968), 108 Ill. App.2d 1.) This presumption is overcome only when the record affirmatively indicates that the inadmissible evidence was considered by the court in reaching its decision. (People v. DeGroot (1968), 108 Ill. App.2d 1, 11.) With these principles in mind we have carefully reviewed the record in this case and are of the opinion that the judge's reference to defendant's pre-trial admission did not affirmatively indicate that he was relying upon or considering it in relation to defendant's guilt or innocence. Indeed, at the commencement of the trial the judge declared: "The defendant as he stands here now this defendant [sic] is presumed innocent and the State is about to put in its proof of his guilt or innocence." Certainly this statement is strong evidence of the judge's impartiality and objectivity. Second, defendant overlooks the fact that the evidence adduced at trial was entirely sufficient to prove his guilt beyond a reasonable doubt. At trial, Officer Henry Pates testified that he arrested defendant on the evening of June 29, 1966, and pursuant to a search of defendant's person recovered two tin foil packets containing a white powder. The evidence was inventoried and forwarded to the Chicago Crime Laboratory for analysis. Shirley Linduska, a chemist employed at the crime laboratory, determined that the white powder was heroin. Defendant's age was stipulated to be 27 years and venue was laid in Cook County. None of the foregoing evidence was controverted or contradicted in any way. Hence, defendant's assertion that the trial judge used the pre-trial admission to supply necessary elements in proof of the offense of unlawful possession of narcotics is quite contrary to the clear facts of the case. Third, both defendant and his counsel expressly entered into a pre-trial stipulation with the State that all of the evidence adduced on the motion to suppress would be the same as that adduced on trial. The practical effect of this stipulation, whether a matter of defense trial strategy or not, was to inject defendant's pre-trial admission into the trial. Hence, it was not improper for the trial judge to merely refer to the admission, or indeed any of the evidence adduced on the motion to suppress, during the course of the trial.
For his fourth contention, defendant alleges that the trial judge erred by failing to state the findings of fact and conclusions of law upon which the motion to suppress was denied. We find this contention to be devoid of merit. After hearing all of the evidence presented at the motion to suppress hearing, the trial judge expressly stated that he was adopting the testimony of the police officers. Next, the judge stated that the testimony *347 was sufficient to show probable cause and he then denied the motion to suppress. Thus, the judge specifically and clearly stated the findings of fact and conclusions of law upon which his ruling was based. Defendant suggests, however, that the trial judge denied the motion only because he feared adverse newspaper publicity and because he was somehow pressured by the mere presence in court of policemen and prosecutors. This assertion, however, has no basis in either the record or in reality.
 7 Defendant's fifth contention concerns the validity of his waiver of a trial by jury. He argues that the trial judge erred by failing to advise him of his right to a jury trial and by failing to assure that his waiver was knowingly and understandingly made. The record, however, indicates that defense counsel made the following statement to the court upon the commencement of trial:
At this time, your Honor, the defendant being fully aware that he has a right to be tried by a jury he is signing a jury waiver and is desirous to be tried in front of his Honor at this particular time. At this time tender to the State a jury waiver.
The court acknowledged that the jury waiver had been signed in open court and accepted it. Under these circumstances, it seems clear that the principle set out in People v. Sailor (1969), 43 Ill.2d 256, 260, is controlling. There, under similar circumstances, the court said:
An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting her attorney, in her presence and without objection, to waive her right to a jury trial is deemed to have acquiesced in, and be bound by, his action.
Hence, it is our view that by virtue of defense counsel's representations and defendant's execution of the jury waiver form, defendant validly waived his right to a jury trial.
 8 For his final contention, defendant argues that the court erred by denying a motion for continuance which he presented just prior to the commencement of trial. The record discloses that the alleged purpose for which defendant wanted the continuance was to locate a witness who would testify concerning "the position of defendant's arrest." While this purpose, as defense counsel expressed it, is somewhat unclear, it appears that defendant wanted to dispute some of the evidence which had been heard on the motion to suppress concerning the exact location of his arrest. In any event, defendant now argues that he was not permitted a reasonable time to prepare his defense and thus was denied a fair trial. We note, however, that defense counsel had entered his appearance some five months prior to trial and that he had been granted two continuances on prior occasions. Certainly this was an adequate time to prepare the *348 defense of a relatively uncomplicated case. Moreover, defendant was in no way surprised by the appearance of unexpected State witnesses or their testimony. Indeed, defendant had been given a list of State witnesses almost five months prior to trial. Under these circumstances, therefore, we find no reason to disturb the sound discretion exercised by the trial judge in denying defendant's motion for a continuance.
Accordingly, for the reasons we have indicated, the judgment of the trial court is affirmed.
Judgment affirmed.
BURKE, P.J., and GOLDBERG, J., concur.