THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN COLE *et al.*, Defendants-Appellants.

(Nos. 53998-53999 cons.; )

First District—December 16, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James N. Barr, Senior Law Student, Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendants, Melvin and Lucretia Cole, were charged with robbery and burglary. The jury found them guilty of both charges, and they each were sentenced to seven to fifteen years on both charges, the sentences

to run concurrently. On appeal they contend that remarks made by the prosecutor and judge during defense counsel's closing argument improperly shifted the burden of proof to defendants. They also maintain that the charge of burglary as set forth in the indictment was not sustained by the proof.

The complaining witness, Norman Clay, testified that Lucretia Cole knocked on his apartment door and asked for a drink of water. Clay had known Lucretia for about a week so he let her in and left the room to get the water. As he did so, she allowed three men to enter the apartment. The men identified themselves as policemen. While Lucretia sat in the living room, the men took ten dollars from Clay. One of the men, later identified as Melvin Cole, led Clay into the bathroom and tied him up. While Cole remained with Clay for about half an hour, the other two men ransacked the apartment. Among other items, they took a gun, a watch and some silverware. When the men departed, Clay freed himself and contacted the police. He gave the police a photograph of Lucretia which he had and gave them a description of the man who remained in the bathroom with him. He identified this man as Melvin Cole from a police photograph.

Two Chicago police detectives testified that they were dispatched to Clay's apartment. Clay showed them a picture of Lucretia, whom they recognized, and he identified Melvin from about twenty photographs shown to him. Clay did not give the detectives a description of Melvin, but may have given one to Officer Poole, the first officer at the scene. At the apartment, the detectives noticed that Clay's wrists were red and swollen, and that the telephone had been ripped from the wall. The detectives immediately drove to a neighborhood where they believed they would find the defendants. They saw defendants walking together, and arrested them just a few hours after the crime. At the time of the arrest, Lucretia had Clay's gun in her possession.

Defendant Lucretia Cole testified that she had known Clay for several months and had received several gifts from him. She admitted being present when the three men came to Clay's apartment, but denied letting them in. She believed them to be policemen, and left the apartment immediately after showing them her identification. She stated that Melvin was not one of the three men. She admitted having Clay's gun when she was arrested, but stated that he had given it to her.

Defendant Melvin Cole testified that he did not know Clay, and had not been in his apartment. He knew Lucretia had a gun, but did not know to whom it belonged.

Defendants first maintain that certain comments of the prosecutor and judge during their counsel's closing argument to the jury improperly

shifted the burden of proof from the State to defendants. During argument, defense counsel commented that the police officer to whom Clay had given an initial description of Melvin Cole did not testify. The prosecutor objected on the grounds that all witnesses were available for subpoena by both sides. Defense counsel responded by saying that was true, but that defendant did not have to do anything and he was asking why the State had not called the police officer. Without ruling on the State's objection, the judge stated that witnesses were available to both sides, but told counsel to proceed with his argument. Counsel observed again to the jury that there was no testimony as to what description Clay had given the police.

■■ The burden of proof is with the prosecution at all stages of the trial, and a presumption of innocence remains with defendants. (*People v. Sanders*, 357 Ill. 610, 192 N.E. 697.) We do not believe, however, that the comments of the trial judge and prosecutor had the effect of shifting the burden of proof to defendants. Moreover, under the circumstances, these comments were proper. In *People v. Johnson*, 102 Ill.App.2d 443, 243 N.E.2d 310, defense counsel, during closing argument, asked why a certain police officer had not been called as a witness by the State. The prosecutor, during his rebuttal argument, asked why the defense had not called the officer as a witness. This court held that it was not error for the prosecutor to reply to the query propounded by counsel for the defense. (See also *People v. Izzo*, 14 Ill.2d 203, 151 N.E.2d 329.) Additionally, in the instant case, the jury received an instruction covering the State's burden of proof. In our view, the comments of the court and prosecutor did not mislead the triers of fact into believing that defendants had the burden of proving their innocence. We also note that the trial judge actually permitted defense counsel to argue concerning the State's failure to call one of the police officers as a witness.

Cases cited by defendants in support of their proposition are not on point. *People v. DiVito*, 66 Ill.App.2d 282, 214 N.E.2d 320; *People v. Jones*, 73 Ill.App.2d 55, 219 N.E.2d 12; and *People v. Eyre*, 83 Ill.App.2d 123, 227 N.E.2d 120, all dealt with a permissible negative inference where necessary witnesses were not called to testify and their absence was unexplained by the State. In each of the cases, the State's proof was deemed inadequate because of the absence of necessary witnesses. No such inadequacy of proof is present in the instant case. Rather the State offered strong and sufficient evidence to sustain the conviction.

■■ Defendants' second point on appeal concerns only the burglary charge, and can be disposed of summarily. They maintain that the charge of burglary as set forth in the instant indictment was not sustained by the proof. The indictment in question charged that defendants "know-

152

ingly entered into the dwelling of Norman C. Clay, with the intent to commit the crime of theft." Defendants argue that the evidence presented by the State leaves only the conclusion that the burglars entered Clay's apartment with the intent to rob and not to commit a theft as charged. We believe, however, that the facts as set forth in this opinion clearly reveal that ample evidence was presented to indicate an intent on the part of the burglars to commit a theft.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.