THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THADDEUS J. TECZA, Defendant-Appellant.

(No. 56270;

First District—April 14, 1972.

Thaddeus J. Tecza, *pro se.*

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

After a bench trial defendant was convicted of Criminal Trespass to Land and fined $85 and $5 court costs. In his *pro se* appeal he raises the following issues: (1) whether the State proved the notice element of trespass beyond a reasonable doubt; (2) whether the trial judge improperly introduced into the proceeding his personal knowledge of the site of the trespass; and (3) whether the defendant was improperly fined.

*Testimony of Officer Ferenzi,* called by the State:

He is a uniformed security guard at Navy Pier in Chicago. On May 3, 1971, at 2:30 in the afternoon while guarding the front entrance to Navy Pier the defendant approached him and asked if he could enter the port area to see the ships. He told defendant that the area is restricted and he could not enter.

A few minutes later the defendant entered the front of the building which is open to the public. There is another set of doors after one enters the building which is an entrance for city electricians and plumbers. The defendant went through those doors into the restricted area and jumped over the door into the main truck gate.

The witness called to the defendant and told him he was in a restricted area, that he was trespassing. The defendant turned around and looked at Ferenzi, walked a little further on and then spoke to the other officer who was assigned to the gate. Ferenzi called to the defendant again, told him that he was trespassing and that he had to leave.

The defendant came back, climbed up on the dock and came up to Ferenzi who asked the defendant for identification. The defendant took out his identification, showed it to him and put it back into his pocket. Ferenzi told the defendant he had to see his identification to make out a field contact card on him but defendant refused to give him his identification. He told the defendant he could be arrested for trespassing and defendant said, "Go ahead and arrest me." He arrested the defendant.

*Testimony of Thaddeus J. Tecza,* defendant:

He entered the second set of doors in order to ask the guard (referred to by Ferenzi as "the other officer") where he could get into "the area."

He denied that Ferenzi called to him. He was walking toward Ferenzi when Ferenzi asked to see some identification. He took his identification out of his wallet and handed it to Ferenzi.

He admitted there are areas marked off by "no trespassing" signs but denied he was in any of those areas.

On cross-examination he admitted that there was a "No Admittance" sign on the gate in the picture of Navy Pier shown to him by the State.

During the trial the judge commented that he knew the area and that there was a "no trespassing" sign on the gate.

*Opinion*

Defendant's first contention is that the State failed to prove he had notice that his entry was forbidden. Ill. Rev. Stat. 1969, ch. 38, par. 21—3, provides:

*"Criminal Trespass to Land.*] (a) Whoever enters upon the land or any part thereof of another, after receiving, immediately prior to such entry, notice from the owner or occupant that such entry is forbidden, or remains upon the land of another after receiving notice from the owner or occupant to depart, shall be fined not to exceed $100 or imprisoned in a penal institution other than the penitentiary not to exceed 10 days.

(b) A person has received notice from the owner or occupant within the meaning of Subsection (a) if he has been notified personally, either orally or in writing, or if a printed or written notice forbidding such entry has been conspicuously posted or exhibited at the main entrance to such land or the forbidden part thereof."

■■ The defendant received oral notice of the restricted area from Officer Ferenzi when he first approached Navy Pier. Defendant's entrance into a restricted area via a non-forbidden entrance does not alter the fact that he had been told that the area was restricted. In addition, he should have known that if he had to "jump over a door" to enter, the area was not open to the general public. He also remained in the restricted area after the officer gave him oral notice that he was trespassing. The State clearly proved the notice element of criminal trespass to land.

Defendant's second contention is that the judge's introduction of his personal knowledge of signs posted around the entrance to Navy Pier was improper. In *People v. Wallenberg*, 24 Ill.2d 350, 354, 181 N.E.2d 143, 145, the court stated:

"This court has held that the deliberations of the trial judge are limited to the record made before him during the course of the trial. A determination made by the trial judge based upon a private investigation by the court or based upon private knowledge of the court, untested

by cross-examination, or any of the rules of evidence constitutes a denial of due process of law." (Citing cases.)

■■ There is nothing in the excerpts of the record filed in the instant case which indicates that the judge's determination was based upon his personal knowledge but it appears rather to have been based upon the testimony of the State's witness that he had given defendant oral notice. The judge stated: "I can't understand why you persisted in going into this area after being *told* not to go into there." [Emphasis added.]

Therefore, the judge's comment was not prejudicial error.

Defendant's third contention is that he was improperly sentenced under the following circumstances:

"THE COURT: There will be a fine of $50 and $5 court costs.

MR. TECZA: Is there any way I can appeal this decision? It is horribly unjust.

THE COURT: Maybe I should raise the fine. We will make the fine $85 and $5.

MR. TECZA: Fine. On what basis are you raising it?

THE COURT: Contempt."

■■ We find the increased fine without basis. Pursuant to Supreme Court Rule 615(b) (4), (Ill. Rev. Stat. 1969, ch. 110A, par. 615(b) (4)), we reduce the fine to $50 and $5 court costs.

The finding of guilty is affirmed and the fine is reduced to $50 and $5 costs.

Judgment affirmed; fine modified.

LORENZ, P. J., and ENGLISH, J., concur.