(No. 46101.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. PERCY HARRIS et al., Appellants.

*Opinion filed May 20, 1974.*

James J. Doherty, Public Defender, of Chicago (Bernard L. Schwartz, Assistant Public Defender, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

Percy Harris and Harvey Page, the defendants, were convicted of theft of an automobile (Ill. Rev. Stat. 1969, ch. 38, par. 16—1) after a bench trial in the circuit court of Cook County. Harris was sentenced to four years probation, the first nine months of which were ordered to be served in the House of Correction, and Page was sentenced to a term of not less than one year nor more than three years in the penitentiary. The appellate court affirmed the convictions (13 Ill. App. 3d 282) and we granted defendants' petition for leave to appeal.

The defendants contend: (1) the trial court erroneously evaluated their credibility on the basis of what was really an independent investigation made by the trial court, untested by cross-examination and violative of the rules of evidence; (2) they were not proved guilty beyond a reasonable doubt.

Mrs. Helen Robinson testified that on January 9, 1971, at about 11:30 p.m., she parked her gold Chevrolet

at the corner of 39th Street and Indiana Avenue in Chicago. When she returned about a half hour later, the car was gone.

Officers Terry Hudik and Michael Pavelich of the Chicago Police Department testified that at about 12:30 a.m. on January 10, 1971, they observed a gold 1964 Chevrolet proceeding west on 43rd Street near Prairie Avenue. The three occupants of the car appeared to be very young and the officers attempted to get their attention by directing their spotlight on the car. At that, the car drove off and was briefly chased by the officers. The three occupants of the Chevrolet, which was shown to be the auto of Mrs. Robinson, leaped from it while it was still in motion and ran. The officers unsuccessfully pursued them and later radioed for assistance. Officers Don Larisey and Kenneth Berris heard the radio message, proceeded to the scene and spoke with officers Hudik and Pavelich, who gave them a description of the youths. About 5 to 10 minutes later, they testified, they stopped three young men who matched the description and who appeared from their breathing to have been running. They called officers Hudik and Pavelich to the scene, and these officers identified the three youths as the occupants of the Chevrolet they had seen. Two of the youths were Harris and Page, and the third was a juvenile, who is not concerned in this appeal. Officers Larisey and Berris testified that they arrested the youths, who told them that they had been at 4500 State Street and were returning to the same address when they were arrested.

The defendants testified that they had been at a party and had left to pick up some food from a nearby restaurant. They had left the restaurant and were going to a drugstore to buy cigarettes when they were arrested. They testified that this was the account of their activities they had given the police on the way to the police station. On rebuttal Officer Berris testified that the defendants had

not told them this story but had said that they had come from 45th and State.

The first claim of error is based on what occurred at the conclusion of the defendants' testimony. It appears that the defendants, in a separate and earlier trial, had been tried on a marijuana charge, apparently based on their possession of marijuana at the time of their arrest. The trial court here asked the assistant public defender whether the defendants had told the public defender's office when they had been tried on the marijuana charge that they had been at a party on the evening in question. The defense attorney, who had not handled the marijuana trial, said his notes on the matter on trial showed that the defendants had told him they had attended a party. The trial court asked again if the defendants had told of the party when they had first seen an attorney from the public defender's office, and when told by the attorney that he did not have this knowledge and that an answer to the court's question could not be obtained, the trial court said: "Then I can't believe them. That's all."

In a bench trial generally it will be presumed that the trial judge considered only proper evidence and disregarded that which was inadmissible in forming conclusions. (*People v. Wallenberg,* 24 Ill.2d 350, 354.) It is clear, too, that a trial judge in his deliberations is limited to the record made before him at trial and should he draw conclusions based on any private investigation made by him the accused will have been denied due process of law. (*People v. Wallenberg,* 24 Ill.2d 350, 354, and cases cited.) The trial court here was in effect conducting a private investigation through its questioning of the defense attorney, and it is clear it was improperly considering matters not in the evidence before it when it said: "Then I can't believe them. That's all."

On this record it of course cannot be presumed that the trial court considered only evidence which was

admissible. The conviction of the defendants must be reversed and the cause remanded for a new trial.

We add that we have reviewed the evidence of guilt and do not consider that the defendants' claim that the evidence was not sufficient is supportable. Hence we remand for a new trial.

The judgments of the appellate and circuit courts are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*