THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GERALD BARNES, Defendant-Appellant.

First District (5th Division)   No. 76-1063

Opinion filed April 22, 1977.

James J. Doherty, Public Defender, of Chicago (Robert Badesch and Robert P. Isaacson, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Myra J. Brown, and Linda S. Amdur, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Following a bench trial, defendant was convicted of criminal trespass to a vehicle and sentenced to probation for one year. On appeal, he contends (1) there was a failure to prove beyond a reasonable doubt the element of lack of authority to enter the vehicle; (2) his identification as one of those who occupied the vehicle in question was not established beyond a reasonable doubt; and (3) the trial court committed reversible error by relying upon independent knowledge dehors the record in determining his guilt.

At the trial, Officer Log testified for the State that at about 3 p.m. on February 25, 1976, while parked on Federal, near 51st Street, he noticed a late model white Mercury station wagon, with rental car license plates and Park Ridge city vehicle sticker, which was occupied by three young males. The car passed, going north on Federal, and he turned his squad car around and followed it. Eventually, the car turned into and stopped in the middle of a parking lot, and all three occupants left the vehicle and ran into a highrise building at 4845 Federal. Log had observed that the driver of the vehicle was a youthful-looking black male, wearing an Army coat, gray fedora hat and an earring in his left ear. He was unable, however, to get a good view of his face. He left the police car and ran into the highrise the occupants of the car had entered. There, he saw a young man in the stairwell who matched the above description of the driver, later identified as defendant, and he placed him under arrest. When Log put defendant in the police car, he felt his chest and noticed that his heart appeared to be beating rapidly. On cross-examination, Log said that by the time he had turned the squad car around and began to follow the station wagon, he was about half a block behind with a truck between the two vehicles. He then passed the truck and had a clear view of the station wagon, which he followed for about a block and a half until it pulled into the parking lot. He lost sight of the occupants for less than a minute after they left the car, until he saw defendant in the stairwell.

Linda Beck, an employee of Budget Rent-a-Car (Budget), testified for the State that she was in charge of accident control and security for the company. Her duties included reporting stolen vehicles and signing complaints. She related that Budget owned the subject station wagon and that Budget did not give defendant or anyone else permission to enter the vehicle. On cross-examination, she stated that the vehicle was a rental car

but that she did not know whether it had or had not been rented at the time of the incident. She acknowledged that if it had been rented, the lessee could have permitted someone else to use it.

Following the denial of a motion to dismiss, defendant's brother testified that he lived with defendant at the 4845 South Federal address and that on February 25, 1976, his brother had been in the house all day, until he left about 2 p.m.

Defendant then testified that he had been home all that day until about 1:50 p.m., when he left and walked downstairs. He observed two boys run to the next building, and then a police officer arrested him. He denied driving a late model Mercury station wagon that day, and he stated that most of his friends wore earrings and coats similar to the one he was wearing that day, although he knew of only one other boy in the building who wore a gray fedora hat.

OPINION

Defendant first argues that lack of authority to enter the car, an essential element of the offense, was not proven beyond a reasonable doubt. The statute under which defendant was charged and convicted is entitled Criminal Trespass to Vehicles and provides "[w]hoever knowingly and without authority enters any vehicle * * * or any part thereof of another without his consent commits a Class A misdemeanor." Ill. Rev. Stat. 1975, ch. 38, par. 21—2.

In effect, defendant argues that it was incumbent on the State to prove that the car in question was not rented at the time he was found in it and the failure to do so left reasonable doubt as to his guilt because, if it had been rented, permission could have been given by the lessee to enter it. He cites three cases in support of this contention, but our examination reveals they are not helpful to him as they merely stand for the general proposition that each element of an offense must be established beyond a reasonable doubt. Only one of the three involved criminal trespass to a vehicle, and in it both defendants testified they were invited into the car by two men—one of whom was an acquaintance. The court held that the element of criminal knowledge was not proven, because there was no reasonable indication to defendants that the car was stolen or even that they knew it did not belong to one of the invitors.

■ To obtain a conviction for criminal trespass to a vehicle, the State must prove that defendant knowingly entered the vehicle of another without his consent. (*People v. Bunch* (1976), 36 Ill. App. 3d 235, 343 N.E.2d 575.) The gravamen of the charge is a knowing entry of a vehicle of another without authority. (Ill. Ann. Stat., ch. 38, par. 21—2, Committee Comments, at 408 (Smith-Hurd 1970).) This is further evident

in Illinois Pattern Jury Instructions, Criminal, No. 16.04 (1968), which would have been given had this been a jury trial. In pertinent part, the instruction states as follows:

> "To sustain the charge of criminal trespass to a vehicle, the State must prove the following propositions:
>
> *First*: That the defendant knowingly entered any part of the [vehicle—aircraft—watercraft] of ___; and
>
> *Second*: That the defendant did so without [authority or] the consent of ___."

In the instant case, it was the testimony of Officer Log that defendant was the driver of the station wagon; that he fled from it with the other occupants; and that he was out of Log's vision for less than a minute before his arrest. Linda Beck testified that Budget was the owner of the vehicle and that defendant did not have its permission to enter it. It is our belief that their testimony established the elements of the offense; *i.e.*, a knowing entry of the vehicle of another without his consent. *Bunch.*

We see no merit in defendant's contention that a rental car should be treated differently than other vehicles. His position is grounded on the argument that consent could have been given by a lessee; however, this same argument could be made in those situations occurring daily where an owner allows another to use his car—such as a member of his family, or a friend or business acquaintance. In each situation, the other person ordinarily would have the right to permit a third person to use the car and that permittee could also give consent to still another. We do not believe that the legislature intended to impose upon the State the additional burden of establishing that a lessee or other persons having the right to use a vehicle and their permittees did not consent to the entry of a vehicle. Defendant has pointed out no case which supports this position, and we have found none. We conclude that the State proved beyond a reasonable doubt the essential elements of the offense; that is, a lack of authority or consent in defendant to enter the vehicle of another.

Defendant next contends the trial court, in suggesting to defense counsel that he produce evidence of a rental agreement, shifted the burden of proof to him. We do not agree. It is axiomatic that a defendant in a criminal case is entitled to the presumption of innocence, and that the State has the burden of establishing guilt beyond a reasonable doubt (*People v. Coulson* (1958), 13 Ill. 2d 290, 149 N.E.2d 96), which burden remains with the State at all stages of the trial. (*People v. Cole* (1971), 3 Ill. App. 3d 149, 278 N.E.2d 159.) Here, as we have stated above, we found that the evidence supported the trial court's finding that the vehicle was entered without authority and, because the comment of the court was made after judgment was entered, it appears to us that it was merely

suggesting the possibility that such a defense might have been presented and, as such, it did not amount to a shifting of the burden, as contended by defendant.

■■ ■ Defendant also maintains that the identification testimony of Officer Log was insufficient to prove him guilty beyond a reasonable doubt. The State argues that the evidence was not so unsatisfactory as to raise a reasonable doubt of guilt. While it is true that Log was unable to make a facial identification, it is not always required (*People v. Pelkola* (1960), 19 Ill. 2d 156, 166 N.E.2d 54), especially where other corroborative circumstances are present (*People v. Oswald* (1963), 26 Ill. 2d 567, 187 N.E.2d 685). Here, Log testified that the driver of the car was a young black male, wearing a gray fedora hat, an Army coat, and an earring. We believe that the combination of these items gave the description a unique quality. By defendant's own admission, he knew of only one other young man in the highrise in which he lived who wore a gray fedora hat. Moreover, the vehicle had been left in the middle of the parking lot, and Log had lost sight of the driver for less than a minute from the time he left the vehicle until Log saw him in the stairwell of the highrise. He was, in fact, a young black male who, at that time, was wearing an earring and clothing as above described. Log's finding that defendant's heart was beating rapidly, although of minimal value, is indicative of the possibility that he had recently been running. Deficiencies in an identification are a matter of credibility and, after our review of the record, we cannot agree with defendant that the identification of Log was so unsatisfactory as to raise a reasonable doubt of guilt.

■■ Lastly, defendant contends the trial court committed reversible error in relying on independent knowledge dehors the record to support its finding of guilt. He complains of a comment by the trial judge which was made after the entry of the finding, to the effect that in his experience he had not found it common that young black males wore earrings. Defendant argues that he was deprived of due process, because he could not confront and cross-examine the sources of the information relied upon by the court in making the statement. A trial judge, sitting as the trier of fact, is limited to the record made at trial, and a determination made by him based upon private knowledge constitutes a denial of due process. (*People v. Wallenberg* (1962), 24 Ill. 2d 350, 181 N.E.2d 143.) It will be presumed in first instance, however, that the judge considered only admissible evidence and disregarded that which was inadmissible in reaching his conclusion (*People v. Burts* (1958), 13 Ill. 2d 36, 147 N.E.2d 281), and this presumption is rebutted only when it affirmatively appears that the court considered inadmissible evidence (*People v. Moore* (1968), 95 Ill. App. 2d 89, 238 N.E.2d 67) and was misled or improperly

influenced thereby (*People v. Grodkiewicz* (1959), 16 Ill. 2d 192, 157 N.E.2d 16).

▪▪ In the instant case, the record does not disclose that the content of this apparent improvident remark either misled the trial court or that it was relied upon by the court in its determination. The comment came after the finding of guilt, and it appears to have been gratuitously made. (See *People v. Collins* (1974), 21 Ill. App. 3d 800, 315 N.E.2d 916.) We see no reversible error in this remark.

For the reasons stated, the judgment is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.