THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL T. SLAUGHTER, Defendant-Appellant.

Second District   No. 79-579

Opinion filed August 28, 1980.

Ronald W. Gilbert, of Waukegan, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko, Gary J. Anderson, and Barbara Preiner, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Daniel Slaughter was convicted of the misdemeanor offense of criminal trespass to a motor vehicle following a jury trial and sentenced to a term of 360 days imprisonment. (He was acquitted of a second charge, theft by deception.) He appeals, contending that he was not proven guilty beyond a reasonable doubt and that he was deprived of a fair trial by argument of the prosecutor and by the court's refusal to direct a verdict on the theft charge. Alternatively, he contends that the sentence is excessive.

The charges arose from the rental of a U-Haul truck on November 22, 1978, stated in the contract to be for a 24-hour period and retention of the truck until December 1, 1978.

There was testimony that when the truck was not returned, the manager of the company telephoned the defendant on November 24 and told him that he needed the truck for a one-way rental. Defendant said he would return the truck later that afternoon but failed to do so. On December 1, 1978, the company sent a man to the apartment building where Slaughter was reported to be living to pick up the truck. He was accompanied by a tow truck and a police officer. Defendant asked if they were going to tow away the U-Haul truck and was so informed by the U-Haul representative. Defendant stated that they couldn't take the truck because he had a contract on it and was told that his contract was null and void after 72 hours. Defendant was shown a copy of the contract which has the provision, "I understand that the contract is terminated three days after the stated date due and that all the rental equipment must be

returned and any additional fees paid on or before said termination." Defendant stated that he had a number of possessions in the truck and hadn't had time to put them into a new apartment. The office of the company was contacted and they notified a police officer at the scene that defendant could keep the truck for one more day if he paid several hundred dollars. They were also told that the current bill was $530. The defendant refused to pay. A complaint was then signed for theft of services. Defendant was advised by the officers to stand by until the situation was straightened out. Instead, he got into the truck and moved it approximately two feet, when he was stopped by the police and told that he was under arrest. After defendant was arrested he threw the truck keys to his wife and walked back into the apartment. The truck was then towed.

Only Mrs. Slaughter testified for the defense. She stated that the defendant entered the truck after it was sought to be towed; that a squad car went behind the truck and a squad car in front; that defendant was told to give the keys to the truck to the officers; that he refused and was arrested. She did not recall if defendant was asked to give up the keys after he tried to move the truck or before.

■■ ■ The criminal trespass statute requires proof that the defendant knowingly entered the vehicle of another without his consent. (Ill. Rev. Stat. 1979, ch. 38, par. 21—2.) The gravamen of the charge is the knowing entry of a vehicle of another without authority. (*People v. Barnes* (1977), 48 Ill. App. 3d 226, 228.) While we have been directed to no authority nor have we found any case which directly relates to the trespass of a vehicle by the lessee under a rental contract, the statute by its terms is applicable under the circumstances. We do note that criminal liability has been found to attach where rental vehicles are knowingly held beyond the rental period. (See Annot., 38 A.L.R.3d 949 (1971).) We conclude that defendant was proven guilty of the offense of criminal trespass beyond a reasonable doubt. Defendant argues that the State failed to prove beyond a reasonable doubt that he entered the U-Haul truck knowing he was without authority to do so. However, the clear provisions of the rental contract give the lessor the right to terminate the agreement at any time and to take possession of the truck. In addition, the testimony adduced for the State clearly shows that defendant was informed on November 24 that he must return the truck and, in fact, agreed to do so. At the time of the claimed trespass, the defendant was told that the contract was null and void pursuant to the three-day termination provision. This testimony was corroborated by Mrs. Slaughter, who stated that she heard the man from the U-Haul tell the defendant he was no longer in possession of the truck and that defendant entered the truck after being told this. There was also testimony by one of the officers that defendant was outside

the truck, starting to get in when the officer told him that he was under arrest; and testimony that defendant was told to stand by until the situation was straightened out but instead tried to move the truck away. We consider this evidence beyond a reasonable doubt that defendant entered the U-Haul truck without the authority of its owner.

■■ Defendant has placed principal emphasis on the claim that he was denied a fair trial because the prosecutor referred to defendant as a "con man" during closing argument. The prosecutor's argument included "\* \* \* if you take a look at what happened, defendant is what amounts to a con man basically in every day language." An objection by defendant's counsel to the statement was overruled and the prosecutor continued by telling the jury that he was "just inferring from the evidence." Defendant argues that this implied that defendant committed crimes other than the one for which he was on trial. We cannot agree. The prosecutor preceded the characterization by argument that the U-Haul people should not have to chase the defendant for the return of the truck and the reference was to the circumstances of the particular case, which included defendant's promise to return the vehicle and his various evasions. We find no fair implication that the prosecutor was arguing that defendant committed crimes other than the one for which he was on trial. Further, it cannot be said that the absence of these statements would have changed the trial's outcome. See *People v. Gillarm* (1976), 41 Ill. App. 3d 174, 177.

Defendant also argues that the trial court committed substantial error in denying defendant's motion for a directed verdict on the theft charge, claiming prejudice to the remaining charge. The evidence on the theft charge, when viewed in the light most favorable to the State, would have supported the charge, and raised a question of fact for the jury as to whether the defendant intended to deprive U-Haul of the use and benefit of the truck permanently. Further, the defendant was found not guilty on the theft by deception charge, and we find no substantial prejudice resulting from the denial of the motion.

■■ We also conclude that the trial court did not abuse its discretion in imposing a sentence of 360 days imprisonment. The sentence was within the statutory limits. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—3(a)(1).) Moreover, the defendant had an extensive prior record including convictions for criminal damage to property, for resisting arrest, for disorderly conduct, three separate convictions for deceptive practices, for false impersonation of a government official, another for false impersonation of a judicial officer and various theft convictions.

The judgment is affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.