THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRYL JOHNSON, Defendant-Appellant.

First District (6th Division)   No. 1—00—3416

Opinion filed December 21, 2001.

Rita A. Fry, Public Defender, of Chicago (S. Michael Kozicki, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Annette Collins, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant was found guilty of delivery of a controlled substance and sentenced to probation for three years. On appeal, defendant contends that the trial court improperly engaged in a prosecutorial function by asking the prosecution questions that elicited incompetent evidence used to convict defendant.

## BACKGROUND

On January 16, 2000, Chicago police officer Espinosa drove to 59th and Halsted. She heard a female on the sidewalk yelling "blows, blows." Espinosa had been a police officer for 9½ years and testified that "blow" is a street term for white heroin. The female told Espinosa that "the work was on the corner and to tell him that Donetta" sent her. Espinosa proceeded to the corner and asked defendant whether he worked with Donetta. He replied by saying "blows" and Espinosa held up one finger and told him "yeah, just one."

Espinosa testified that defendant disappeared around the corner from the store, returned seconds later and gave her a small ziploc packet in exchange for a marked $10 bill. Espinosa testified that she radioed enforcement that "it was a positive, gave them a description, and the location of Mr. Johnson." She described the defendant as a "male black with a black baseball cap, a black jacket with white stripes

down the sleeves, jeans and white gym shoes." Espinosa told enforcement to come in, she drove around the block and eventually she returned to the area where she had made the exchange with the defendant. Officer Espinosa testified that she saw defendant "in the same spot they had detained him, right in front of the store."

After Espinosa saw the defendant in the custody of the other police officers, she radioed enforcement that the person in the custody of the other police officers was the target that had delivered white heroin to her. Espinosa proceeded to the police station, where the sealed bag of heroin was inventoried. There was a stipulation to the chain of custody and to the fact that in the opinion of forensic scientist Cirk, the substance was positive for heroin.

Espinosa did not testify about the length of time it took her to drive around the block and to return to the storefront after she purchased the drugs and she did not testify at what point she lost sight of the defendant. The State did not call any of the enforcement or surveillance officers to demonstrate the amount of time that passed between the drug purchase and the arrest. The police did not recover the marked $10 bill. Defense counsel argued these facts in his motion for acquittal, which was denied. The defense rested his case and adopted the argument he made during his motion for acquittal.

The court found officer Espinosa to be a credible witness, found defendant guilty, and sentenced defendant to probation for three years. Defendant appeals.

## ANALYSIS

■ Defendant contends he was denied his right to due process and a fair trial by the judge (1) asking the prosecutor material questions directed at eliciting information to convict the defendant; and (2) relying on information that was incompetent evidence. Generally, a trial judge has the right to question witnesses in order to elicit truth or bring enlightenment on material issues that seem obscure. *People v. Wesley*, 18 Ill. 2d 138 (1959). The propriety of judicial examination is determined by the circumstances in each case and remains in the discretion of the trial court. *People v. Trefonas*, 9 Ill. 2d 92 (1956). In the proper exercise of discretion, the trial court may pose questions for the purpose of clarifying any ambiguities that may exist and to help elicit the truth. *People v. Santucci*, 24 Ill. 2d 93, 98 (1962). The propriety of such conduct must be determined by the circumstances of each case and rests largely in the discretion of the trial court. *Trefonas*, 9 Ill. 2d at 100. This is particularly true where the defendant is tried without a jury and the danger of prejudice to the defendant is lessened. *People v. Palmer*, 27 Ill. 2d 311, 315 (1963). "A defendant in

a criminal case who waives a trial by jury and submits his rights and liberty to the trial judge is entitled to the same fair, patient, and impartial consideration he would be entitled to by a jury composed of fair, impartial, careful and considerate jurors." *Trefonas,* 9 Ill. 2d at 100. The line of propriety is crossed when the judge fails to function as the trier of fact and assumes the role of prosecutor. *Trefonas,* 9 Ill. 2d at 100. A trial judge is limited to the record made during the course of the trial. *People v. Harris,* 57 Ill. 2d 228, 231 (1974). Conclusions that are based upon a private investigation or upon private knowledge of the trial judge, untested by cross-examination, violate due process of law. *People v. Wallenberg,* 24 Ill. 2d 350, 354 (1962).

■ In determining whether the judge has crossed the line and assumed the role of prosecutor, the record must be examined in its entirety. We find the following factors instructive when examining the conduct of the judge: (1) did the judge call witnesses? (2) did the judge conduct an examination of witnesses, and if so, what was the nature, extent and duration of the examination? (3) was the information elicited by the judge outcome determinative? and (4) was the information elicited by the judge ascertainable from the record by either direct or circumstantial evidence independent of the judge's examination or conduct?

Here, we have examined the record in its entirety. Defendant contends questions asked by the judge demonstrate the trial judge abandoned the impartial role as trier of fact and improperly engaged in a prosecutorial function. That argument is based on the following exchange, which occurred after defense counsel argued a motion for judgment of acquittal at the close of the State's case:

"THE COURT: How long after this transaction was it that he got arrested?

THE STATE: A few minutes.

THE COURT: Well, was he out of sight of anybody?

THE STATE: He was out of sight of this officer. There was surveillance that followed him to a store, and then he was detained.

THE DEFENSE: None of which was testified to.

THE COURT: Is that on the record?

THE STATE: No. It is not, judge. We were unable to provide that evidence for you today.

THE COURT: Motion is denied."

Clearly during that exchange the judge did not call any witnesses. The questions were addressed to the State. In total, three questions were asked of the State. The answers provided by the State were direct and forthright. In response to the judge's questions, the State indicated that defendant was arrested a few minutes after the transac-

tion with Officer Espinosa and that the officer lost sight of defendant. The amount of time between the transaction and the arrest was not outcome determinative. Moreover, evidence of that time frame and the fact that Officer Espinosa lost sight of the defendant was ascertainable from the record by direct and circumstantial evidence. Specifically, testimony elicited during trial that preceded the judge's questions of the State provides evidence that Espinosa lost sight of defendant and that a short time elapsed between Espinosa's purchase of heroin from defendant and defendant's arrest. That testimony elicited by the State during trial was as follows:

"THE STATE: Specifically what did the defendant do?

ESPINOSA: He gave me a small ziploc packet, and I gave him a $10 bill, prerecorded funds.

THE STATE: After you made that exchange and you received the ziploc baggie, what did you and your partner do?

ESPINOSA: My partner proceeded eastbound on 59th Street. I got the radio and informed enforcement that it was a positive, gave them a description, and the location of Mr. Johnson.

THE STATE: What description did you give the fellow officers?

ESPINOSA: I gave them a male black with a black baseball cap, a black jacket with white stripes down the sleeves, jeans, and white gym shoes.

THE STATE: After having that radio contact with the enforcement officers, what did you and your partner do?

ESPINOSA: I am sorry?

THE STATE: What did you and your partner do after giving that radio transmission?

ESPINOSA: I informed enforcement to come in, that he was still there, and drove around the block. Enforcement came in. Surveillance directed them straight to him. They pulled him out of the store.

THE DEFENSE: Objection to the hearsay, your Honor, what surveillance did.

THE COURT: Sustained.

THE STATE: Did you eventually go back to the area where you had made the exchange with the defendant?

ESPINOSA: Yes.

THE STATE: Did you see the defendant again?

ESPINOSA: In the same spot they had detained him, right in front of the store.

THE STATE: When you say they detained him, who was that?

ESPINOSA: Enforcement officer.

THE STATE: That is—The person that enforcement had detained was the same person who had delivered to you the suspect heroin?

ESPINOSA: Yes.

THE DEFENSE: Objection, leading.

THE COURT: Overruled. Try to not lead. Let's go.

THE STATE: After you saw the defendant in the custody of the other police officers, what did you do?

ESPINOSA: Via radio informed enforcement that, indeed, that was the target that had delivered white heroin to me."

That testimony by Officer Espinosa provided both direct and circumstantial evidence of the time frame during which Espinosa bought the heroin from defendant and defendant was arrested. That testimony also informed the court that defendant was out of sight of Officer Espinosa when she drove around the block. However, Officer Espinosa's testimony also makes it clear that she went back to the area where she bought the heroin from the defendant and saw the defendant again. She specifically testified that she saw defendant detained by the enforcement officer in the same spot by the store, which was where he was located when she purchased the heroin from him. She testified that the person the enforcement officer had detained was the same person who had sold the heroin to her. Espinosa's testimony demonstrates that the additional information elicited by the judge from the State, including the fact that defendant was arrested a few minutes after the transaction and the fact that Espinosa lost sight of defendant, was supported by the record. The crux of that information was ascertainable from the record by either direct or circumstantial evidence independent of the judge's examination or conduct.

Cases relied upon by defendant, which hold that questioning by a trial judge violates due process, are premised upon the lack of confrontation of adverse witnesses by the defense and the consideration by the trier of fact of evidence untested by cross-examination. *People v. Cooper*, 398 Ill. 468, 472-73 (1947). Here, there is no indication that any evidence was considered that was not supported by the record. Moreover, Espinosa was thoroughly cross-examined by defense counsel.

It probably would have been better for the trial judge to ask Espinosa rather than the State how long after the transaction was it that defendant was arrested. It was clear, however, from the record that Espinosa bought the heroin from the defendant, alerted her enforcement team, drove around the block and then observed the defendant in the custody of the enforcement team at the same spot near the store where the drug buy took place when she returned from driving around the block. Thus, the information provided by the two questions that the judge asked the State did not elicit information that went beyond the evidence previously supported by the record either

directly or circumstantially. That evidence had been tested by cross-examination.

In support of the argument that the trial court violated due process by conducting a fact-finding investigation, the defendant relies on *People v. Harris*, 57 Ill. 2d 228 (1974). In *Harris*, the defendants were convicted of theft of an automobile after a bench trial. During the bench trial the defendants testified that they had been at a party, left to pick up food and were proceeding to a drugstore when they were arrested. They testified they had given this same account of their activities to the police on the way to the police station. Defendants, in a separate and earlier trial, had been prosecuted for a marijuana charge based on their alleged possession of marijuana at the time of their arrest for this same auto theft. The trial court during the auto theft bench trial asked defense counsel whether the defendants had told their attorney in the marijuana case that they had been at a party on the evening they were arrested for auto theft. The defense attorney, who had not represented the defendants at the previous trial, informed the trial court that he could not obtain an answer to the court's question and the trial court said: "Then I can't believe them. That's all." *Harris*, 57 Ill. 2d at 231. The reviewing court, based on the record, indicated that it "cannot be presumed that the trial court considered only evidence which was admissible." *Harris*, 57 Ill. 2d at 231. The conviction was reversed and the case remanded for a new trial.

■ From our view of the record in the instant case, it appears that the trial judge merely attempted to clarify the record and did not assume the role of a prosecutor. The brief questioning of the State by the judge did not constitute departure from the impartial role of fact finder in this bench trial. Absent the minimal questioning by the trial judge, the State presented more than sufficient evidence of defendant's guilt. Moreover, the trial judge did not elicit information that went beyond the evidence previously provided, either directly or circumstantially. We find no denial of due process by the conduct of the trial judge. The conduct of the judge did not constitute an abuse of discretion.

Defendant's final argument is that the reliance by the judge on incompetent evidence denied him a fair trial. Specifically, after asking the State the three questions previously discussed, the court found the defendant guilty and stated:

> "THE COURT: The court finds Officer Espinosa to be credible and this offender was arrested minutes after the event."

■ An issue is not properly preserved for review if an objection was not made at trial and the issue was not raised in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant waived

this issue by failing to object when the trial judge stated that the defendant was arrested within minutes of the drug transaction and not raising this issue in the motion for new trial.

Waiver aside, even if the judge did rely on the fact that the offender was arrested minutes after the event, the conclusion that the defendant was arrested within minutes of the drug transaction is supported by the direct and circumstantial evidence in the record. In a bench trial, it will generally be presumed that the trial judge considered only competent evidence and disregarded that which was inadmissible. *Wallenberg*, 24 Ill. 2d at 354. The presumption that the trial court considered competent evidence is rebutted only when it affirmatively appears that: (1) the court considered inadmissible evidence; and (2) that the court was misled or improperly influenced thereby. *People v. Barnes*, 48 Ill. App. 3d 226, 229 (1977).

Defendant has failed to rebut this presumption. The trial court did indicate that defendant was arrested within "minutes" of the drug transaction when it found the defendant guilty. There was no explicit testimony that the time between the drug buy and the arrest was "minutes." We note the State informed the trial court of that fact. However, it can be presumed that the court made the comment based on its own inferences from the facts presented at trial. *People v. Anton*, 100 Ill. App. 3d 344, 352 (1981) (in criminal bench trial, judge is presumed to have considered only competent evidence in making findings).

The facts demonstrate that Officer Espinosa, after purchasing the heroin from the defendant, drove around the block before returning to the scene of the drug transaction. A legitimate inference from these facts is that it took only a short time to drive around the block. When Officer Espinosa returned from driving around the block, the enforcement officer she had just notified had defendant detained in the same spot near the store where the drug buy took place. The characterization by the court of the defendant as being arrested within "minutes of the transaction" is reasonably supported by the direct and circumstantial evidence in the record. Therefore, we cannot conclude that the court, based on this record, considered inadmissible evidence. *Barnes*, 48 Ill. App. 3d at 229. Moreover, if the trial court relied on the fact that Espinosa lost sight of defendant and defendant was arrested minutes after the drug buy, we cannot say, based on the record, that this information misled or improperly influenced the court in finding the defendant guilty. *Barnes*, 48 Ill. App. 3d at 229.

We further note that the trial court could have found defendant guilty without considering the amount of time that had elapsed between the drug buy and the arrest of defendant. That time frame was

not outcome determinative. Espinosa testified unequivocally that once she returned to the scene she informed the enforcement officers who had arrested defendant that the person they had detained was in fact the same person from whom she had bought the heroin.

Merely referring to incompetent evidence is not sufficient to warrant reversal. *People v. Quinn*, 2 Ill. App. 3d 341 (1971). In *Quinn* the defendant admitted to possession of narcotics during a pretrial suppression hearing but did not testify at trial. The defendant argued on appeal that the trial judge relied upon his pretrial admission in finding him guilty. *Quinn*, 2 Ill. App. 3d at 345. The trial judge had referred to the admission in a discussion with the defense attorney. The defendant's conviction was affirmed. This court noted that while the trial judge made a statement of impartiality, "the evidence adduced at trial was entirely sufficient to prove his guilt beyond a reasonable doubt." *Quinn*, 2 Ill. App. 3d at 346.

Where incompetent evidence is introduced in a case and there is sufficient physical and testimonial evidence of defendant's guilt, the error is harmless. *People v. Jackson*, 198 Ill. App. 3d 831, 847 (1990). In this case there is more than sufficient testimonial and physical evidence of defendant's guilt. Espinosa testified she purchased drugs from defendant and identified defendant in court as the person who sold her drugs. She gave a detailed description of defendant to the enforcement team who arrested defendant while she drove around the block. Although Espinosa lost sight of defendant, when she completed driving around the block, she confirmed unequivocally that the person detained by the enforcement officers was the person who sold her the heroin. She informed the arresting officers, via radio, that the person they had detained was in fact the person from whom she had purchased the heroin. Therefore, if the judge interjected any error into the case by relying on incompetent evidence, the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967).

For the reasons previously discussed we affirm the trial court.

Affirmed.

GALLAGHER, P.J., and O'BRIEN, J., concur.