(Nos. 46317, 46382.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DELBERT BEARD, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. THOMAS RAY BLAKE, Appellant.

*Opinion filed November 27, 1974.*

No. 46317.—Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County; the Hon. Joseph A. Power, Judge, presiding.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernrd Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, of Chicago, and Patrick T. Driscoll, Jr., and Barry Rand Elder, Assistant State's Attorneys, of counsel), for the People.

No. 46382.—Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Winnebago County, the Hon. Albert S. O'Sullivan, Judge, presiding.

Ralph Ruebner, Deputy Defender, Office of State Appellate Defender, of Elgin, for appellant.

William J. Scott, Attorney General, of Springfield, and Philip G. Reinhard, State's Attorney, of Rockford (James B. Zagel, Assistant Attorney General, of Chicago, and James W. Jerz and Martin P. Moltz of the Model District State's Attorneys' Office, of Elgin, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion

of the court:

These consolidated appeals involve the primary issue of the applicability to probation revocation proceedings of our Supreme Court Rule 402 (50 Ill.2d R. 402) which establishes the procedure for the acceptance of guilty pleas. The various appellate districts are not uniform in their resolution of the matter.

In cause No. 46317, defendant, Delbert Beard, was convicted of theft in excess of $150 and criminal trespass to a vehicle on March 28, 1968, following a bench trial in the circuit court of Cook County. He was granted probation for two years. In June, 1969, the State sought to revoke probation contending that defendant had failed to report to his probation officer and he could not be located. A report filed by the probation officer in June, 1972, asserted that defendant had participated in a Michigan bank robbery on December 5, 1968, during the probation period, which resulted in a Federal conviction and a 25-year penitentiary sentence. His Federal conviction was affirmed on appeal prior to the State revocation proceeding now at issue. *United States v. Serio a/k/a Delbert Beard* (6th Cir. 1971), 440 F.2d 827, *cert. denied,* 404 U.S. 838.

A probation revocation hearing was conducted in June, 1972, at which Beard's attorney, after consulting him, admitted defendant's Federal conviction and his failure to report to his probation officer. The trial court revoked probation and sentenced Beard to the penitentiary for a term of two to eight years. The First District Appellate Court affirmed the revocation order but vacated the sentence and directed that defendant be resentenced in accordance with the Unified Code of Corrections. (*People v. Beard,* 15 Ill. App. 3d 663.) We granted leave to appeal.

In cause No. 46382, defendant, Thomas Blake, had pleaded guilty to theft in excess of $150 in the circuit court of Winnebago County and had been granted proba-

tion. The State thereafter filed a petition to vacate probation asserting that defendant had committed a burglary during the probationary period. Initially the trial court revoked his probation after the defendant admitted participation in the burglary, but this order was subsequently vacated when defendant indicated some uncertainty that the offense upon which the probation revocation petition was premised was actually the burglary in which he participated. At the new hearing defendant had apparently reconsidered his prior objection and he freely admitted his participation in the burglary. A hearing in aggravation and mitigation was held, probation was revoked and defendant was sentenced to the penitentiary for a term of one to five years. The Second District Appellate Court affirmed but remanded the cause for resentencing in compliance with the Unified Code of Corrections. (*People v. Blake,* 15 Ill. App. 3d 39.) We granted leave to appeal.

Defendant Beard contends that a stipulation was entered to the act charged as a violation of his probation without warnings comparable to those required by Rule 402, which, he asserts, is designed to inform an accused of the consequences of his admission and to assure its voluntary nature. Similarly, defendant Blake maintains that at no time during the revocation proceedings was he advised as to the minimum and maximum sentences which could be imposed for theft in excess of $150 upon the revocation of his probation, his right to remain silent and not admit to the violation charge, and of the State's burden to prove the violation by a preponderance of the evidence at a full evidentiary hearing where defendant could confront adverse witnesses and call witnesses in his own behalf. Thus Blake concludes that he was denied due process of law. Both defendants rely upon opinions of the Fourth District Appellate Court (*People v. Watkins,* 10 Ill. App. 3d 875; *People v. Bryan,* 5 Ill. App. 3d 1006) that interpreted this court's decision in *People v. Pier,* 51 Ill.2d

96, as requiring the implementation of Rule 402 in probation revocation proceedings.

In *People v. Pier,* the defendant filed a post-conviction petition challenging the validity of the proceeding that culminated in revocation of probation. He alleged that his admission to the probation violation was induced by an unfulfilled prosecution promise. We concluded that a probation revocation proceeding was comparable to the entry of a guilty plea insofar as consideration of the voluntariness of a defendant's admissions made in both instances and that an unfulfilled prosecution promise which induced such admission at the revocation hearing was properly subject to post-conviction relief. Within this context we observed:

> "*** The consequences of a determination that the probation order has been violated are so serious that the appellate courts have surrounded the defendant at a revocation hearing with many of the same due-process safeguards that are accorded to a defendant at a trial to determine his guilt. [Citations.] Since the results of a probation revocation may be a deprivation of liberty and, consequently, as serious as the original determination of guilt, we agree with the holdings of these cases that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods. [Citation.] He is not, however, entitled to a jury trial. [Citation.] He is entitled to counsel. [Citations.] Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or

admits the charges of the revocation petition." 51 Ill.2d at 99-100.

We cannot subscribe to the broad constitutional basis which defendants seek to engraft upon our decision in *People v. Pier.* The aforesaid language of that opinion must be interpreted within the factual circumstances presented in that case. (*People v. Arndt,* 49 Ill.2d 530, 533.) In *People v. Pier* we did not consider the applicability of Rule 402 upon probation revocation proceedings. We merely expressed the view that due process required that a defendant's admission must be voluntarily made.

The State has emphasized that subsequent to our decision in *People v. Pier* the United States Supreme Court in *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756, held that a defendant is entitled to due process of law in proceedings to revoke probation. It has been recognized that the concept of due process is flexible, but "To say that the concept of due process is flexible does not mean that judges are at large to apply it to any and all relationships. Its flexibility is in its scope once it has been determined that some process is due; it is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure." *Morrissey v. Brewer,* 408 U.S. 471, 481, 33 L. Ed. 2d 484, 494, 92 S. Ct. 2593.

Thus in *Gagnon v. Scarpelli* the probationer's constitutional claim for the unqualified right to counsel at a probation revocation proceeding was rejected. The court reasoned that such proceeding was not a step in the criminal prosecution and it compared the process to parole revocation (*Morrissey v. Brewer*) noting that a parolee or probationer had already been convicted of a criminal offense. The court therefore held that " 'minimum requirements' " of due process could be applied to such a proceeding.

We note that in *Gagnon v. Scarpelli* the court was

confronted with a situation wherein the determination to revoke probation was made by the Wisconsin Department of Public Welfare. Unlike that case our present statutory provisions dealing with probation revocation require that judicial proceedings be conducted to determine the fact of the violation alleged in the revocation petition. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(b).) At these proceedings "The State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence. The evidence shall be presented in open court with the right of confrontation, cross-examination, and representation by counsel." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c).) A defendant may appeal an adverse decision revoking probation. (Supreme Court Rule 604(b), as amended effective September 1, 1974.) Under the applicable case law and statutory provisions in effect at the time that the probation of each of the present defendants was revoked the same procedural safeguards were available. (*People v. Crowell,* 53 Ill.2d 447, 451; *People v. Price,* 24 Ill. App. 2d 364, 376-377.) We conclude that the defendants have been afforded procedural safeguards comportable with those mandated in *Gagnon v. Scarpelli* which fully insure the interest of a probationer "that his liberty is not unjustifiably taken away and the [interest of] the State to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community." 411 U.S. at 785, 36 L. Ed. 2d at 663-664.

Rule 402 was formulated to secure proper entry of guilty pleas. (*People v. Krantz,* 58 Ill.2d 187, 194-195.) A defendant in a criminal trial or a probation hearing may ultimately be incarcerated as a result thereof, but there is a qualitative difference between a criminal conviction and the revocation of probation as recognized in *Gagnon v. Scarpelli.* (See also *People v. Grayson,* 58 Ill.2d 260, 264-265.) We therefore hold that Rule 402 is not applicable

to probation revocation proceedings.

Having examined the contention of defendant Beard, we do not believe that he was denied due process of law at the revocation hearing. There has never been a challenge to the conviction for which Beard was granted probation. The only factual matter involved in the revocation proceeding was Beard's failure to report to his probation officer, which could only be explained by his Federal detention and subsequent conviction in August, 1969. The fact that defendant's counsel admitted these facts eliminated a minimal necessity of proof which the State would ordinarily have been required to introduce. Defendant cannot claim that he was prejudiced by his counsel's admission nor can he claim that justice was denied. (See *People v. Dudley,* 58 Ill.2d 57, 60.) The judgment of the appellate court in cause No. 46317 is affirmed.

The record in cause No. 46382 indicates that defendant Blake was informed of the possible penitentiary sentence which could be imposed when he pleaded guilty and requested probation, and there has been no attempt to question the validity of the guilty plea proceedings. The trial court at the time the guilty plea was entered further informed defendant of his right to confrontation and his right to present evidence in defense of the charge. Thereafter, during the first hearing on the probation revocation petition defense counsel was appointed and he immediately entered a denial of the allegation contained therein and requested a continuance. At subsequent hearings it was never disputed that Blake had committed a burglary. Rather the only question which arose was whether the burglary alleged in the revocation petition was the one in which Blake was involved due to his inability to recall if a television set was actually taken as indicated by the assistant State's Attorney. The record further reveals that during the course of the proceedings the trial court instructed Blake that the violation alleged in the revoca-

tion petition was a felony and an admission thereto would probably result in probation revocation. A factual basis for the violation was established, and Blake stated that he had voluntarily confessed his participation in the burglary to the police and was now admitting his participation for the sole reason that he did commit the offense. There is no contention made that any promises were made to Blake in an effort to induce this admission. We find that the entire record supports the conclusion that Blake was afforded due process of law during the revocation proceedings in which he voluntarily admitted the probation violation.

Blake further alleges that the trial court in sentencing him to the penitentiary improperly considered evidence of numerous juvenile arrests and a commitment that were not adjudications of delinquency. He predicates his argument on a prior probation report to which defense counsel initially directed the trial court's attention. He argues that the trial court misread the probation report that "clearly stated that defendant had been placed on probation as a juvenile on only four or five charges of burglary. A fair reading of the probation report would indicate that the other arrests on at least 15 different occasions were not reduced to adjudications of delinquency" and were thus improperly considered as was his commitment to a State's boy's farm. He concludes that reliance upon arrests and commitment was not harmless because the only other juvenile record consisted of probation on prior burglaries "which cannot be conclusively shown on the record to be adjudications of delinquency."

Defendant's argument is without merit. There was no contention made before the trial court that the burglary offenses charged against defendant while he was a juvenile and for which he was placed on probation did not involve delinquency adjudications. Moreover, the penitentiary sentence imposed was fully justified based upon defendant's guilty plea to theft and his admission to the burglary

set forth in the revocation petition. Accordingly, the judgment of the appellate court in cause No. 46382 is affirmed.

*Judgments affirmed.*