THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD J. STEWART, Defendant-Appellant.

(No. 74-75;

Second District (1st Division)—February 18, 1975.

Ralph Ruebner and Phyllis J. Perko, both of State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

On April 24, 1972, defendant entered a plea of guilty to the offense of theft in excess of $150 (Ill. Rev. Stat., 1971, ch. 38, par. 16—1). He was thereafter admitted to a probationary term of 24 months on May 31, 1972, which required that he spend the first four consecutive weekends in the County Jail. On January 24, 1973, defendant entered a plea of guilty to forgery (Ill. Rev. Stat. 1973, ch. 38, par. 17—3) committed during the probationary term, and was convicted.

This appeal is from an order issued by the court on June 24, 1973, revoking defendant's probation on the basis of said forgery conviction and sentencing him to a term of from 2 to 6 years. Defendant raises two issues on appeal. First, he contends that we ought to reverse the order revoking his probation and remand the cause for a rehearing because the trial court failed to comply substantially with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) prior to accepting his stipulation to the forgery conviction. Second, he maintains that we ought to remand the case and direct the trial court to credit him on the 2- to 6-year sentence with time he served successfully

while on probation ("street time"). The State has confessed error respecting this latter contention; therefore, there is no need to discuss it further, and we accordingly remand the cause and direct the court so to credit the defendant. For reasons which follow, however, we disagree with defendant's first contention and affirm the lower court's revocation of his probation.

Our Supreme Court has recently held that the requirements of Supreme Court Rule 402 are not applicable to probation revocation proceedings since they were formulated to "secure proper entry of guilty pleas" at trial (*People v. Beard* (1974), 59 Ill.2d 220, 226, 319 N.E.2d 745). There was only one issue of fact in *Beard* and that was whether defendant had failed to report to his probation officer in violation of the terms of his probation. Defendant there stipulated that he had failed to report because he was in Federal detention at the time, which subsequently had resulted in his conviction for another crime committed during the probationary term. The court held that the stipulation did not violate defendant's right to due process of law. The conviction was, after all, a matter of public record, and defendant's stipulation merely eliminated the perfunctory necessity of proof required of the State's attorney. In the instant case, there was no issue of fact. The petition for revocation of probation alleged that defendant had committed and had been convicted of a crime during, and in violation of, probation. The State then submitted a certified copy of the conviction. Defendant was neither called upon to admit nor to deny anything. As was the case in *Beard*, there clearly was no need here for the various admonishments of Supreme Court Rule 402. Defendant was afforded due process of law.

The order of the lower court revoking defendant's probation is affirmed, but the cause is remanded for the limited purpose of crediting defendant's sentence with time served successfully while on probation.

Affirmed and remanded with directions.

SEIDENFELD, P. J., and GUILD, J., concur.