In re EDUARDO CLAUDIO, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* EDUARDO CLAUDIO, Respondent-Appellant.)

First District (3rd Division)   No. 61596

Opinion filed June 3, 1976.

James R. Streicker and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Respondent, Eduardo Claudio, was charged with violating his probation in that he failed to attend a drug abuse program and unlawfully possessed heroin. He entered an admission through counsel and, after a dispositional hearing, was committed to the Department of Corrections by the circuit court of Cook County. The sole issue on appeal is whether respondent was denied due process when his probation was revoked without a showing that his admission was voluntary.

We affirm.

The record on appeal discloses the following pertinent facts. On May 8, 1974, Eduardo Claudio, a juvenile, was adjudged delinquent and an adjudication of wardship was made. On June 26, the court granted probation. On July 29, a month later, Claudio was charged with violating his probation. During the probation revocation hearing, his counsel stated:

> "We would like to withdraw the denial previously entered and enter an admission on behalf of the respondent to this allegation. I have admonished the respondent that if an admission is entered it would be in violation of his probation, that in all likelihood he would be committed to the Department of Corrections. In addition I have explained to him that he has a right to deny the accusation and persist in his denial and have the matter tried before your Honor. He has a right to be represented by counsel. He is presumed innocent until proven guilty by a preponderance of the evidence. Also, that he also has the right to call witnesses in his own behalf and we may cross-examine witnesses and he may appeal from any final decision of this court."

The court then stated:

> "The respondent having been advised of his constitutional rights and having entered an admission, the admission will be accepted and entered of record. That admission will result in a finding of violation of probation."

During the entire proceeding, Claudio remained silent.

On appeal, respondent argues that there is no indication in the record either that he understood what he was charged with or what facts supported the charge. The court did not determine whether the respondent understood the nature of the charge or if there was a factual basis for the admission. Respondent contends that in order for an admission to be voluntary, it must be understandingly made. Since the record does not show that the admission was knowingly and voluntarily made, respondent claims that he was denied due process of law, and prays that the revocation of his probation be reversed.

In criminal proceedings, due process is not denied where a defendant

admits to a violation of probation through his attorney. (*People v. Beard* (1974), 59 Ill. 2d 220.) In the absence of prejudice to a defendant, such a procedure has been held to conform with the requirements of due process. (*People v. Johnson* (1975), 25 Ill. App. 3d 503.) We believe that the same rule should be applied to the revocation of probation under the Juvenile Court Act. Ill. Rev. Stat. 1973, ch. 37, par. 705—3.

In the instant case, it may have been preferable for the trial court to have questioned the minor to establish the knowing and voluntary waiver of rights and to disclose the factual basis for the alleged probation violations. The failure to do so, however, was not fatal to the propriety of the proceedings. Respondent does not claim that he was prejudiced by his counsel's admission or that justice was denied. Accordingly, we find respondent's contention to be without merit. Due process was not denied.

For the above-mentioned reasons, the order of the circuit court of Cook County finding respondent to be in violation of his probation and committing respondent to the Department of Corrections is affirmed.

Order affirmed.

MEJDA, P. J., and DEMPSEY, J., concur.