THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS BRANTLEY, Defendant-Appellant.

First District (2nd Division)    No. 62200

Opinion filed October 26, 1976.

James J. Doherty, Public Defender, of Chicago (Deborah J. Gubin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Jeffrey Singer, Laurence J. Bolon, and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, the defendant was found guilty of the crime of robbery (Ill. Rev. Stat. 1971, ch. 38, par. 18—1). He was sentenced to a term of one to three years in the State penitentiary. Defendant contends on appeal that his conviction must be reversed because the trial judge made a determination of the credibility of the defendant's witness based at least in part upon the

judge's own improper independent investigation of previous proceedings involving that witness which were not introduced as evidence during the trial. Defendant further argues that, because the trial judge was forced to go outside of the record before he found defendant guilty, clearly a reasonable doubt existed as to his guilt.

On August 20, 1973, Chicago Police Officer James Davern was on assignment posing as a drunk, in order to catch would-be robbers. While standing on the northwest corner of Chicago and State Streets, Davern was approached by two men, later identified as defendant and one Domingo Quiano. Davern and his partner testified that the two men pushed him into a doorway. Both men then pushed the victim's legs out from under him, causing him to fall to the ground. While defendant held Davern down, Quiano took money out of his pocket. With that, Davern summoned help from other police officers who were observing the robbery from nearby locations. The officers came to Davern's assistance, and subdued the assailants.

Quiano and another party, Winston Sharp, testified on behalf of the defense. Both witnesses stated that Quiano alone had committed the robbery, and that the instant defendant merely observed it while he stood next to a nearby subway entrance. During testimony, Quiano said that he had told Davern that he alone had committed the robbery. In addition, Quiano testified that at his own trial (at which he had entered a plea of guilty) he had told the court that he acted alone. Upon hearing this testimony, and the closing arguments of counsel, the trial judge ordered defense counsel to produce the transcript of Quiano's trial. The judge indicated that he wanted to verify Quiano's assertion that he had said he acted alone, before deciding the instant case.

After the transcript was produced, the trial court reviewed it. Having found no statement in Quiano's trial record to the effect that Quiano had said that he acted alone, the judge made a finding of guilty in the instant case.

■■ Before addressing the issues raised by defendant, this court feels compelled to take notice of the fact that no post-trial motion was made by defendant or his counsel as required by section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 116—1). The general rule to be applied is that issues not contained in a post-trial motion are waived on appeal. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Harris* (1965), 33 Ill. 2d 389, 211 N.E.2d 693.) However, under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)), the appellate court may take notice of errors not properly preserved on appeal, if those errors affect substantial rights and fundamental fairness requires that the errors be corrected. (*People v. McAdrian* (1972), 52 Ill. 2d 250, 287 N.E.2d 688; *People v. Sprinkle* (1963),

27 Ill. 2d 398, 189 N.E.2d 295; *People v. Bonds* (1975), 26 Ill. App. 3d 703, 325 N.E.2d 388.) Although the court may, by exercise of its discretion, consider issues not properly before it, this rule is not to be used to circumvent section 116—1 (Ill. Rev. Stat. 1973, ch. 38, par. 116—1), or to avoid the consequences of trial counsel's oversight or negligence. *Pickett; People v. Killebrew* (1973), 55 Ill. 2d 337, 303 N.E.2d 377.

■■ In the present case, this court feels that the issues presented regarding the conduct of the trial judge do state questions which affect defendant's fundamental rights. Therefore, we will consider the present case even though proper procedure was not observed.

Defendant's first contention is that he was denied due process of law because the trial judge considered evidence outside of the trial record to determine the credibility of a major defense witness. In support of this contention, defendant cites *People v. Wallenberg* (1962), 24 Ill. 2d 350, 181 N.E.2d 143; *People v. Harris* (1974), 57 Ill. 2d 228, 314 N.E.2d 465; and *People v. Jones* (1974), 18 Ill. App. 3d 198, 309 N.E.2d 776. In *Wallenberg*, defendant was tried on a charge of robbery. After hearing defendant's alibi testimony and at the close of all evidence, the judge found the defendant guilty. The judge stated that he reached his decision because his personal knowledge of the area in which the crime took place contradicted important aspects of defendant's alibi. The supreme court, upon reviewing the judge's comments in the record, reversed the conviction. In so doing, the court stated that a trial judge must necessarily limit his deliberations to the evidence contained in the record before him. If a judge violates this rule, and makes an independent investigation, or is influenced by personal knowledge which is outside of the trial court, then he has denied the defendant a fair trial.

In *Harris*, defendant was charged with theft. At the end of the trial, the judge began to question the defense attorney about statements made at an earlier criminal trial. The information sought was to substantiate part of the defendant's alibi testimony which the judge had just heard. When the attorney informed the court that the information desired was not available, the judge then stated that he therefore could not believe the story given by defendants. On appeal, the supreme court reversed the conviction because the judge had determined the credibility of the defendant based upon his own independent investigation of matter not properly before the court.

In *Jones*, defendant's conviction was reversed on appeal because it was shown that the trial judge relied on statements made by a co-felon during a pretrial hearing. These statements were not introduced into evidence, and therefore, their consideration was reversible error.

In the case at bar, we have reviewed the record, and it is clear that the

court below based its finding, at least in part, upon the consideration of material which was outside of the record. When Quiano testified that at his previous trial he had told the court that defendant was not involved in the robbery, and that he had acted alone, the trial judge in the present case was suspicious of Quiano's credibility. The court stated:

"Gentlemen, the court listened very carefully to the evidence and argument of counsel, and the matter is depending [sic] on the believeability [sic] of the witnesses. Now, Quiano testified under oath here that he testified at a previous hearing in the case where he pleaded guilty that he did it alone. This Court is going to withhold a ruling on this case.

The Court is ordering the defense counsel to get a copy of the transcript of his testimony where he pleaded guilty before the judge, and at that time the court will enter a ruling in this case. The court will defer ruling for two weeks from today. Get that transcript. Particularly, I want that statement that he said under oath here that he did it alone, and if that statement is not there, I may instruct the State to take some action against him, but the court will defer a ruling on this case until I get a copy of that transcript, as to his statement under oath to another judge at the hearing where he pleaded guilty that he did it alone. Two weeks from today for a decision".

The trial court received the transcript and reviewed it carefully. The record reflects that when the court made its finding, it did so only after having considered the transcript of the previous trial, and having used it to discredit the assertions of Quiano. The court stated,

"—wherein said Domingo Quiano pleaded guilty and the court has examined that record and the court finds no statement in that record wherein Domingo Quiano informed the judge that he and he alone committed the crime and that Louis Brantley had no part of it.

The court accordingly, after reading the transcript and hearing the testimony without a jury, the court is now finding the defendant, Louis Brantley, —"

and, after an objection by defense counsel, the trial judge concluded:

"Well, the court took everything into consideration, all of the evidence that I heard and arguments of counsel; and, in addition to consideration, the statement made by Domingo Quiano about his testimony in another court.

And the court, having examined that and examined all my minutes of the record, the court finds the defendant guilty of the cr'me charged of robbery * * *."

■■ It is apparent that defendant's conviction was based, in part, upon the consideration of material outside of the trial record. For this reason the case must be reversed and remanded.

Defendant's last point on appeal is that the judge must have had doubts in his mind as to defendant's guilt, and these doubts forced him to go outside of the record to supplement the State's case. Defendant maintains that this action shifted the burden from the State to the defense. Defendant contends his conviction should be simply reversed and not remanded. The trial court apparently sought the transcript of Quiano's plea of guilty so that he could determine Quiano's credibility, and possibly to bring an action against Quiano for perjury. In effect, defendant asks this court to speculate that the trial judge had certain unarticulated doubts of defendant's guilt. We cannot presume to speculate on the finding the court would have made.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

HAYES and DOWNING, JJ., concur.