THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY FOEHRER, Defendant-Appellant.

Fourth District   No. 4—89—0640

Opinion filed May 17, 1990.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On March 20, 1989, in the circuit court of Vermilion County, defendant Jerry Foehrer admitted violating the provisions of his probations for the offenses of burglary and attempt (burglary). (Ill. Rev. Stat. 1987, ch. 38, pars. 19—1, 8—4.) He was sentenced to five years' imprisonment on the burglary and three years' imprisonment on the attempt (burglary) conviction, with said sentences to run consecutively. He now appeals, alleging he was denied due process of law by not being sufficiently admonished at the time he admitted the violations. We disagree and affirm.

On February 4, 1988, defendant pleaded guilty to the burglary offense. At that time he was admonished as to the possible penalties. The sentencing hearing was continued. On June 8, 1988, defendant was convicted, following a jury trial, of the attempt (burglary) offense which occurred while he was on bond in the first case.

On June 17, 1988, a consolidated sentencing hearing was held. At that time, the State sought to have the court impose consecutive prison sentences. The court instead placed defendant on probation for each offense. On December 23, 1988, a petition to revoke the probations was filed. On March 20, 1989, defendant appeared and indicated a desire to admit the asserted violations. The court, after some admonishments, accepted the admission. Defendant later received the consecutive prison sentences.

■ Defendant appeals, alleging he was denied his basic due process rights by these admonitions. Due to the qualitative difference between a probation revocation and a criminal proceeding, Supreme Court Rule 402 (107 Ill. 2d R. 402), which establishes the procedure for acceptance of guilty pleas, is not applicable to probation revocation proceedings. (*People v. Beard* (1974), 59 Ill. 2d 220, 226-27, 319 N.E.2d 745, 748.) This court, in addressing what admonitions should be given to protect a defendant's due process rights, stated:

> "[W]e believe that in order to protect a defendant's due process rights, and to make a conscientious judicial determination of the charge, the court must at least determine that the defendant knows what the specific allegations in the petition

are, that he knows that he has a right to a hearing with counsel present, that he is not making the admission on the basis of any promises or coercion, and that he understands the consequences of his admission." *People v. Followell* (1987), 165 Ill. App. 3d 28, 31, 518 N.E.2d 706, 707.

It is uncontested that defendant was advised that he had the right to a hearing wherein the State would have to prove the allegations by a preponderance of the evidence, the right to confront witnesses, the right to testify, and the right to call witnesses on his own behalf. Defendant was represented by counsel. The court also explained the basis of the petition to revoke defendant's probation, to which defendant indicated his understanding.

Defendant maintains, however, that the court failed to determine if the admission was based on any promises or coercion, or if defendant understood the consequences of his admission. He observes the court never inquired as to whether he had received any promises or threats. He also points out that the court never explained the possible sentences to be imposed upon a revocation of the probation. He believes these absences run afoul of *Followell* and require reversal. However, defendant misapprehends the nature of that decision and is attempting to expand the required admonitions to an extent that is unwarranted. In *Followell*, the court quoted from the supreme court's opinion in *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289, which indicated broad due process protections exist for admitting probation revocations. However, the court in *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, observed the language in *Pier* should be limited to the factual situation before it and held that the minimum requirements of due process, which do not require the application of Rule 402, are applicable to probation revocation proceedings. Accordingly, it is to *Beard* to which we must look to better understand the requirements of *Followell*.

*Beard* involved a number of consolidated cases. One is very similar to that now before us. As the court explained:

"Similarly, defendant Blake maintains that at no time during the revocation proceedings was he advised as to the minimum and maximum sentences which could be imposed for theft in excess of $150 upon the revocation of his probation, his right to remain silent and not admit to the violation charge, and of the State's burden to prove the violation by a preponderance of the evidence at a full evidentiary hearing where defendant could confront adverse witnesses and call witnesses in his own behalf. Thus Blake concludes that he was denied due process of law."

(*Beard*, 59 Ill. 2d at 223, 319 N.E.2d at 746.)

In holding there was no error, the court stated:

"The record in cause No. 46382 indicates that defendant Blake was informed of the possible penitentiary sentence which could be imposed when he pleaded guilty and requested probation, and there has been no attempt to question the validity of the guilty plea proceedings. The trial court at the time the guilty plea was entered further informed defendant of his right to confrontation and his right to present evidence in defense of the charge. Thereafter, during the first hearing on the probation revocation petition defense counsel was appointed and he immediately entered a denial of the allegation contained therein and requested a continuance. \*\*\* The record further reveals that during the course of the proceedings the trial court instructed Blake that the violation alleged in the revocation petition was a felony and an admission thereto would probably result in probation revocation. A factual basis for the violation was established, and Blake stated that he had voluntarily confessed his participation in the burglary to the police and was now admitting his participation for the sole reason that he did commit the offense. There is no contention made that any promises were made to Blake in an effort to induce this admission. We find that the entire record supports the conclusion that Blake was afforded due process of law during the revocation proceedings in which he voluntarily admitted the probation violation." *Beard*, 59 Ill. 2d at 227-28, 319 N.E.2d at 748-49.

■ In the case now before us, defendant repeatedly indicated a desire to admit the allegations of the petition. There is no argument made that any promises were made to him or that he was coerced in any manner. This is sufficient. While *Followell* contains language which indicates the court failed to inquire of the defendant in this regard, this is simply an explanation of what transpired and does not impose such a requirement on the court. Admittedly, it would have been clearer, and perhaps preferable, for the court to have asked defendant this directly. However, according to *Beard*, this is not required.

■ Similarly, defendant was advised of the possible penalties at the time he originally pleaded guilty. At the consolidated sentencing hearing, the State argued for the imposition of consecutive sentences. In the record defendant acknowledged having the penalties explained to him earlier, and the docket sheet also indicates this was done. This is adequate. There is no requirement that defendant be advised of the

statutory range. All that is necessary is that he understands the consequence of his admission.

■■ We find that, as in *Beard*, a review of the entire record supports the conclusion that defendant was afforded due process of law and entered a voluntary admission to the petition to revoke his probations.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.