THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONNA KRUSZYNA, Defendant-Appellant.
Second District   No. 2—91—0279

Opinion filed May 24, 1993.—Rehearing denied July 20, 1993.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Donna Kruszyna, appeals the revocation of her conditional discharge for aggravated battery, contending (1) that the order of revocation must be reversed if her conviction for a subsequent offense of disorderly conduct is reversed, and (2) that she was denied due process of law at the revocation hearing. We reverse.

On January 31, 1990, the McHenry County State's Attorney filed a three-count information against defendant, charging her with aggravated battery, resisting a peace officer, and assault. The aggravated battery count alleged that defendant caused bodily harm to Andrew Oparyk, a police officer, by kicking him in the groin on December 28, 1989.

Represented by the public defender, defendant pleaded guilty to aggravated battery on July 27, 1990. The other two counts were dismissed, and defendant was sentenced to six months' conditional discharge, with a condition of four days' incarceration.

On November 16, 1990, the State filed a petition to revoke defendant's conditional discharge based upon her arrest for disorderly conduct on August 1, 1990. Following a jury trial, defendant

was convicted of disorderly conduct and sentenced on December 4, 1990. That conviction is the subject of another pending appeal.

On December 5, 1990, defendant was summoned to respond to the petition to revoke her conditional discharge on the aggravated battery. The public defender who represented her on the disorderly conduct charge was appointed again. Defense counsel entered a denial and asked for a hearing date. The following exchange took place:

> "THE COURT: The only proof you are going to have is the fact there is a certified copy of conviction. I don't know what your defense is going to be.
>
> MR. COOK [Defense counsel]: I have to speak with my client, Judge.
>
> THE COURT: Are you going to come in and tell me she didn't do it when she's been convicted? That's great.
>
> The 7th, at 9 o'clock. Come back here Friday."

A hearing on the petition was set for December 7.

On December 7, defense counsel informed the trial court that he had talked with defendant and that she would admit to the petition. The trial court accepted the admission. The proceedings on the petition were as follows:

> "MR. COOK [Defense Counsel]: We continued it to today, and we are ready to—we are ready for a—to enter a plea or admit now to the petition.
>
> I've spoken with Donna. If you remember, I wanted a few days to speak with her, and she would admit to the petition to revoke her conditional discharge, and we ask for a presentence investigation to be done and come back to court for sentencing.
>
> THE COURT: All right. Give me an order. Defendant admits. Leave given to withdraw denial of the Defendant. Defendant now admits violating probation. Presentence ordered."

Following a sentencing hearing on February 7, 1991, the trial court sentenced defendant to three years' imprisonment.

Defendant first contends that the order revoking her conditional discharge must be reversed in the event that her conviction of disorderly conduct is reversed on appeal. Defendant correctly states the law (see *People v. Hannah* (1975), 31 Ill. App. 3d 1087, 1090; accord *People v. Lopez* (1979), 72 Ill. App. 3d 713, 717), and the State does not contest defendant's assertion. This issue is moot based on the disposition entered in this appeal.

Secondly, defendant asserts that the revocation must be vacated in any event because defendant was not accorded due process of law at the revocation hearing. Defendant argues that the trial court accepted her admission summarily, without offering admonitions or making inquiries. We reverse.

The State first submits that defendant waived this issue for purposes of review because she failed to object at the hearing or to file a post-hearing motion raising the issue. Alternatively, the State argues that defendant's claim must fail because she was entitled only to minimal due process at her hearing to revoke conditional discharge. We disagree with both of the State's contentions.

Generally, both an objection at trial and a written post-trial motion raising an issue are necessary, in both jury and nonjury cases, to preserve an alleged error for review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186.) *Enoch* has been held to apply to probation revocation proceedings as well as to trials. (*People v. Turner* (1992), 233 Ill. App. 3d 449, 452.) However, *Enoch* announces several exceptions to the waiver rule, including plain error. *Enoch*, 122 Ill. 2d at 189-90.

Under Supreme Court Rule 615(a), or the "plain error" rule, a reviewing court may elect to consider errors that have not been properly preserved for review, if those errors affect substantial rights and fundamental fairness requires that errors be corrected. (134 Ill. 2d R. 615(a); *People v. Brantley* (1976), 43 Ill. App. 3d 616, 617-18.) In the case at bar, defendant alleges due process deprivations affecting her constitutional rights. Therefore, we elect to review those alleged errors under Rule 615(a). 134 Ill. 2d R. 615(a); *People v. Cox* (1990), 197 Ill. App. 3d 239, 241-42.

■ Defendant has the right to the same due process safeguards at a proceeding to revoke a conditional discharge as she would have at a hearing to revoke probation or supervision. (*People v. Pennacchio* (1991), 214 Ill. App. 3d 195, 198-99; Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4.) Although a probationer is entitled to due process of law at a probation revocation hearing (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756), it is well established that only "minimum requirements" of due process need be applied. (*People v. Beard* (1974), 59 Ill. 2d 220, 225; *People v. Acevedo* (1991), 216 Ill. App. 3d 195, 200.) This rule is based on the qualitative difference between a criminal prosecution and the revocation of probation. (*People v. Grayson* (1974), 58 Ill. 2d 260, 264-65.) A probation revocation hearing is not a proceeding in which guilt or innocence is to be determined. "It takes place only after

the defendant has already been convicted, sentenced to probation, and then has violated the conditions of the probation." *People v. Allegri* (1985), 109 Ill. 2d 309, 313.

Defendant acknowledges that Supreme Court Rule 402, which prescribes the actions to be taken prior to the trial court's acceptance of a guilty plea, is not applicable to a revocation proceeding. (*People v. Beard* (1974), 59 Ill. 2d 220, 225-27.) Nevertheless, she asserts that the trial court should minimally have determined whether: (1) defendant knew the specific allegations in the petition; (2) defendant was aware of her right to a hearing with counsel present; (3) defendant's admission was not based on any promises or coercion; and (4) defendant understood the consequences of her admission. *People v. Followell* (1987), 165 Ill. App. 3d 28, 31.

The State contends that *Followell* should be held to its facts and is not applicable to the case at bar. In *Followell*, five years had passed since the revocation petition had been filed. The defendant had been placed under supervision for drug treatment, and the reviewing court was uncertain whether the defendant had been coerced to "confess" to the contents of the petition. Given the lapse in time, the reviewing court was concerned that the defendant had not been questioned to determine whether he had read the charge and knew what specific allegations had been made.

It is true that in the instant case the petition was filed on November 16, 1990, and defendant admitted the petition on December 7, 1990, a time span of less than a month. However, the last time defendant received any admonitions or inquiries from the trial court was at her plea hearing on July 27, 1990, which occurred more than four months before the revocation hearing. It is arguable that the same concerns expressed by the *Followell* court are appropriate here.

■ We need not decide whether *Followell* applies to the facts before us, however, because even under a less stringent standard, we find that defendant was not afforded minimal due process. Due process at a probation hearing requires that the probationer have notice of the alleged violations and that the revocation follows a hearing at which the probationer had an opportunity to be heard, present evidence, confront witnesses, and be represented by counsel. (*Acevedo*, 216 Ill. App. 3d at 201.) In other words, due process requires a fair determination that the acts which formed the basis for the revocation petition did occur and that fairness be accorded a defendant during the proceedings. *People v. Allegri* (1984), 127 Ill.

App. 3d 1041, 1046, *aff'd* (1985), 109 Ill. 2d 309; *People v. Saucier* (1991), 221 Ill. App. 3d 287, 291; *Cox*, 197 Ill. App. 3d at 243.

Applying these principles to the case at bar, we conclude that defendant's revocation hearing was fundamentally unfair. Defendant was represented by counsel, the same public defender who represented her on the charge of disorderly conduct which was the underlying basis for the petition to revoke. Arguably, she had notice of the violation of her conditional discharge, having been tried and convicted on the disorderly conduct charge only three days before the hearing. However, the opportunity to be heard can hardly be said to have been afforded defendant, as she was never even addressed by the trial court. We are unable to find any case that stands for the proposition that due process requirements are met at a revocation hearing where the trial court addresses no comment whatsoever to the defendant.

The cases advanced by the State are distinguishable on this point. In *Pennacchio*, where revocation of supervision was reversed because the prosecutor failed to make promised recommendations to the trial judge, the trial court explained to the defendant before his admission that he was not bound by the agreement reached between the two parties. He then asked the defendant if he intended to admit the allegations contained in the petition to revoke his court supervision. When the defendant responded in the affirmative, the court asked him if he understood that by admitting the violation of the terms of the court supervision he waived his right to a hearing and that all that remained was for the court to decide the penalty to be imposed. Again, the defendant responded that he understood. The court then asked the defendant if he was freely and voluntarily admitting that he violated the terms of his court supervision. The defendant answered in the affirmative. *Pennacchio*, 214 Ill. App. 3d at 197-98; see also, *e.g.*, *Allegri*, 109 Ill. 2d 309 (where the defendant's insanity defense was rejected by the trial court); *Acevedo*, 216 Ill. App. 3d 195 (where the defendant was in the midst of a contested hearing when he agreed to stipulate); *People v. Clark* (1987), 157 Ill. App. 3d 371 (where the trial judge informed the defendant that the proceeding was a probation revocation hearing, the maximum possible penalty, and that defendant had the right to an attorney and to a contested hearing); *People v. Hoyt* (1984), 129 Ill. App. 3d 331 (where the defendant was admonished that by admission she was effectively waiving her right to a hearing at which she could present and confront witnesses and was also admonished as to resentencing).

The State maintains that defendant also had notice of the consequences that would follow her admission, arguing that at her arraignment on February 5, 1990, and at her plea hearing on July 27, 1990, defendant was informed of the possible penalties if found guilty on the aggravated battery charge. On both occasions defendant acknowledged that she understood the possible sentences. At the plea hearing, she also acknowledged that her attorney advised her of the consequences of her plea to the aggravated battery. At that hearing the same judge who presided at her admission to the petition to revoke found that defendant knowingly understood and comprehended the nature of the charges against her, including the possible penalties for those charges.

The State relies on *People v. Foehrer* (1990), 197 Ill. App. 3d 754, for support. That reliance is misplaced. The *Foehrer* court found that "a review of the entire record supports the conclusion that defendant was afforded due process of law and entered a voluntary admission." (*Foehrer*, 197 Ill. App. 3d at 758.) The reviewing court found the record in that case to be "sufficient," despite the trial court's failure to inquire of the defendant about any promises or coercion, and "adequate," even though the possible penalties were explained to him only at the time of his original guilty pleas. (*Foehrer*, 197 Ill. App. 3d at 757.) Otherwise, the record revealed that the defendant was advised that he had the right to a hearing, the right to confront witnesses, the right to testify, and the right to call witnesses on his own behalf; the trial court also explained the basis of the petition to revoke defendant's probation, to which defendant indicated his understanding. *Foehrer*, 197 Ill. App. 3d at 756.

The fundamental difference between the case at bar and *Foehrer* is that, here, not a single word of admonishment or inquiry was addressed to defendant. We find, therefore, that defendant's right to minimal due process at her revocation hearing was violated. We reverse the trial court's order revoking defendant's conditional discharge and remand the cause for a new hearing on the petition to revoke conditional discharge.

Reversed and remanded.

McLAREN and BOWMAN, JJ., concur.