NOTICE
Decision filed 12/15/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241254-U

NO. 5-24-1254

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clark County. |
| | ) | |
| v. | ) | No. 22-CF-103 |
| | ) | |
| DONALD R. PETERSON, | ) | Honorable |
| | ) | Tracy W. Resch, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the trial court's order revoking defendant's probation because although the trial court failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003), such error did not result in prejudice or injustice.

¶ 2    Defendant, Donald R. Peterson, appeals the order revoking his probation, requesting reversal based on the trial court's failure to ensure his admission to the probation violation was knowing and voluntary. For the following reasons, we affirm.

¶ 3                              I. BACKGROUND

¶ 4    On April 3, 2023, defendant pled guilty to a charge of possession of methamphetamine (720 ILCS 646/60(a) (West 2022)) in exchange for a sentence of 24 months' probation and the dismissal of three other charges. The court sentenced defendant to 24 months' probation. After providing proper Illinois Supreme Court Rule 402 (eff. July 1, 2012) admonishments and ensuring

1

the voluntariness of his decision to plead guilty, the court accepted the plea and sentenced defendant in accordance with the plea agreement.

¶ 5    On March 22, 2024, the State filed a petition to revoke probation, arguing that defendant failed to report to probation every 30 days as directed by the court and last reported on October 31, 2023. The hearing on the motion took place on June 26, 2024.

¶ 6    At the beginning of the hearing, defense counsel informed the court that defendant intended to admit the probation violation but no final agreement was reached as to the sentence. The court read the alleged probation violation to defendant and he stated that he understood the allegation. The court further averred that defendant was entitled to a full hearing on the matter with counsel and the State had the burden of proving the petition's allegations. It stated defendant had a right to present and confront witnesses at the hearing, as well as testify if he wished. The court also explained that if the State met its burden at the hearing, defendant would be resentenced for a Class 3 felony unlawful possession of methamphetamine conviction, which was not less than two years and no more than five years' imprisonment or up to 30 months' probation. Defendant then indicated his understanding of his rights related to the probation revocation hearing and the potential sentence.

¶ 7    The court again informed defendant that if he admitted the petition's allegations, the State would not be required to prove the allegations. Defendant stated that he understood and still wished to admit the allegations. After the State provided the factual basis, the court found a factual basis for the admission and that the admission to the petition to revoke probation was "freely and understandingly made."

¶ 8    On September 11, 2024, defendant was sentenced to three years' imprisonment with six months' mandatory supervised release. On October 1, 2024, defendant filed a motion to reconsider

2

his sentence, arguing that it was excessive. The same day counsel filed a Rule 604(d) certificate (Ill. S. Ct. R 604(d) (eff. Apr. 15, 2024)) stating he consulted with defendant to ascertain his contentions of error in the entry of the plea and sentence, examined the trial court file and report of proceedings for both the guilty plea hearing and sentencing hearing, and made any amendments to the motion necessary for the adequate presentation of any defect in those proceedings. The court denied the motion to reconsider and defendant appealed.

¶ 9                                                    II. ANALYSIS

¶ 10    On appeal, defendant argues that the court's failure to ensure his admission to the allegations in the State's petition to revoke probation was not the product of coercion, as required by Illinois Supreme Court Rule 402A(b) (eff. Nov. 1, 2003), requires reversal. The State does not dispute that the court failed to inquire as to the voluntariness of defendant's plea. However, citing *People v. Beard*, 59 Ill. 2d 220 (1974), and *People v. Foehrer*, 197 Ill. App. 3d 754 (1990), the State argues that defendant was not denied due process where the record establishes defendant's admission could not have resulted from an ambiguous agreement or undisclosed promise. The State alternatively argues that any remand would be a waste of judicial resources. The issue before us presents legal questions that we review *de novo*. *People v. Hall*, 198 Ill. 2d 173, 177 (2001); *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007).

¶ 11    In *Foehrer*, the court advised the defendant of his right to a hearing wherein the State had the burden to prove the allegations by a preponderance of the evidence, the right to confront and call witnesses, and the right to testify. *Foehrer*, 197 Ill. App. 3d at 756. On appeal, the defendant argued his due process rights were violated because the court did not inquire as to whether the defendant received any other promises or threats in an attempt to induce his plea or explain the potential sentences. *Id.* The *Foehrer* court acknowledged that it previously stated, in *People v.*

3

*Followell*, 165 Ill. App. 3d 28, 31 (1987), that to protect a defendant's due process rights, the court must—among other requirements—determine that the defendant was not making the admission on the basis of any promises or coercion. *Foehrer*, 197 Ill. App. 3d at 756-57. However, *Foehrer* found *Followell* must be viewed in harmony with the Illinois Supreme Court decision in *Beard*, 59 Ill. 2d 220. See *Foehrer*, 197 Ill. App. 3d at 756.

¶ 12    *Beard* involved a consolidated appeal involving two defendants, both of whom challenged their probation revocation proceedings on due process grounds. See *Beard*, 59 Ill. 2d at 222-23. In addressing the defendant's due process arguments, the *Beard* court found that the requirements of Rule 402, which concerned guilty pleas, did not apply to an admission in a probation revocation proceeding. *Id.* at 226. However, it nevertheless found the defendant was entitled to not have his liberty " 'unjustifiably taken away and the (interest of the) State to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community.' " *Id.* (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 785 (1973)). In affirming the revocation of defendant Blake's probation, the *Beard* court reasoned that defendant Blake was advised of the charges and the potential sentences as well as the right to present evidence, no one disputed that Blake committed a burglary and the only question was whether Blake was involved in the burglary specified in the petition, and Blake voluntarily confessed his participation in the burglary to the police. *Id.* at 227-28. The court further stated there was no contention that any promises were made to Blake to induce him to admit the probation revocation petition. *Id.* at 228.

¶ 13    The *Foehrer* court found in light of *Beard*, the trial court was not required to inquire into whether other promises or coercion induced a defendant to admit to the petition's allegations. *Foehrer*, 197 Ill. App. 3d at 757. It explained that *Followell*'s statements were "simply an

4

explanation of what transpired [in that case] and does not impose such a requirement on the court."

*Id.*

¶ 14   Although the State's authority supports its position, the authority was published prior to the Illinois Supreme Court's decision *People v. Hall*, 198 Ill. 2d 173, 182 (2001), and the effective date of Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003). In *Hall*, the Illinois Supreme Court considered what due process required a court to do or admonish prior to accepting an admission at a probation revocation proceeding. *Hall*, 198 Ill. 2d at 177-78. After discussing its prior caselaw, including *Beard*, the court expressly adopted *Followell*'s position. *Id.* at 178-80. It determined,

> "before accepting a defendant's admission to a probation violation, the trial court
> should admonish the defendant to determine whether:
>
> > (1) the defendant understands the specific allegations in the State's
> > petition to revoke probation;
> >
> > (2) the defendant understands that he has the right to a hearing with
> > defense counsel present at which the State must prove the alleged violation,
> > and that he has the rights of confrontation and cross-examination at such a
> > hearing;
> >
> > (3) the defendant's admission is voluntarily made and not made on
> > the basis of any coercion or promises, other than any agreement as to the
> > disposition of his case;
> >
> > (4) the defendant understands the consequences of his admission or
> > the sentencing range for the underlying offense; and
> >
> > (5) a factual basis exists for the admission." *Id.* at 181.

5

Therefore, based on the plain language of *Hall*, due process requires the trial court to discuss then determine whether defendant's admission is voluntary. We acknowledge that despite discussing *Beard*, *Hall* did not explicitly overrule *Beard* or explain how it was distinguishable. Consequently, it is difficult to determine whether *Beard* remains good law after *Hall*. Regardless, we are bound to follow *Hall*'s unequivocal holding that the trial court must admonish defendant to determine whether his admission was voluntarily made. *People v. Munson*, 2024 IL App (1st) 221193-U, ¶ 42 ("we are bound to follow *** our supreme court's most recent ruling on the issue"); see *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 61 (lower judicial tribunals must follow Illinois Supreme Court decisions and only the Illinois Supreme Court may modify or overrule its previous opinions).

¶ 15    Importantly, Illinois Supreme Court Rule 402A, which became effective November 1, 2003, was adopted to follow the mandate of *Hall*. Ill. S. Ct. R. 402A, Committee Comments (adopted Oct. 20, 2003). Rule 402A requires, *inter alia*, that "[t]he court, by questioning the defendant personally in open court, shall confirm the terms of the agreement, or that there is no agreement, and shall determine whether any coercion or promises, apart from an agreement as to the disposition of the defendant's case, were used to obtain the admission." Ill. S. Ct. R. 402A(b) (eff. Nov. 1, 2003). Thus, even more direct than *Hall*, Rule 402A explicitly requires the court to ask defendant about coercion and other promises in open court.

¶ 16    Given that *Hall* was issued after *Beard* and Rule 402A was enacted after *Hall* and is therefore applicable to the proceedings here, the State's authority is not controlling in this case. As such, the trial court was required to *inquire into* and determine whether defendant's admission was induced by promises not stated or coercion. *Hall*, 198 Ill. 2d at 181; Ill. S. Ct. R. 402A(b) (eff. Nov. 1, 2003). The court here failed to do so. We acknowledge "that substantial compliance, meaning a specific and affirmative showing in the record that the defendant understood each of

the required admonitions, is all that is required under Rule 402A to satisfy due process." *Ellis*, 375 Ill. App. 3d at 1046. However, here, there is nothing in the record to conclude defendant's admission was free from coercion or promises by the State. Accordingly, the court committed error. *People v. Spires*, 2023 IL App (4th) 221097-U, ¶ 35.

¶ 17    The parties further dispute whether such error is reversible in this case. Citing *People v. Curry*, 2019 IL App (3d) 160783, ¶ 23, *People v. Saleh*, 2013 IL App (1st) 121195, ¶¶ 16, 19, and *Ellis*, 375 Ill. App. 3d at 1048-49, defendant argues that when a defendant is improperly admonished under Rule 402A, the appropriate remedy is to vacate the judgment of the trial court, allow the defendant to withdraw his stipulation, and remand the cause for further proceedings as necessary. We disagree.

¶ 18    After finding improper admonishments during the defendant's probation revocation proceedings, the *Hall* court reversed without discussing whether the faulty admonishments prejudiced the defendant or resulted in injustice. Since *Hall*, some courts—including those from defendant's authority—have found reversal was required for failure to comply with *Hall* and Rule 402A regardless of the resulting prejudice or without comment on prejudice. *Spires*, 2023 IL App (4th) 221097-U, ¶ 31 (finding it must follow *Hall* and reverse for faulty 402A admonishments without addressing prejudice); see *People v. Bailey*, 2021 IL App (1st) 190439, ¶¶ 30-32 (doubting that a probationer who was improperly admonished was required to show prejudice); *e.g.*, *Curry*, 2019 IL App (3d) 160783, ¶ 23 (reverses for failure to substantially comply with Rule 402A without addressing whether such error prejudiced defendant or whether reversal would be judicially economical); *Saleh*, 2013 IL App (1st) 121195, ¶¶ 16, 19 (same); *People v. Carrie*, 2023 IL App (5th) 210302-U, ¶¶ 27-29 (same); *People v. Niethe*, 2021 IL App (3d) 190617-U, ¶¶ 26-

7

29 (same); *People v. Nelson*, 2024 IL App (4th) 4230480-U, ¶¶ 26, 28 (same); *Ellis*, 375 Ill. App. 3d at 1048-49.

¶ 19 We find *Hall*'s silence as to whether prejudice is required, and any similar silence in another case, cannot be taken as answering the question in the negative. *Hall* simply did not address the issue. We therefore find *Hall* and any case that reversed without addressing the issue of prejudice does not control the matter.

¶ 20 A due process violation is not a structural error requiring automatic reversal when the due process error " 'does not necessarily render the proceedings automatically unfair or unreliable.' " *People v. Wells*, 2023 IL 127169, ¶ 26 (*People v. Stoecker*, 2020 IL 124807, ¶ 25). A probationer has "fewer procedural rights than a defendant facing trial." *Hall*, 198 Ill. 2d at 177. We cannot find the failure to inquire whether defendant made the admission based on unstated promises or coercion rendered the proceedings fundamentally unfair or unreliable.

¶ 21 We find support in caselaw concerning Illinois Supreme Court Rule 402 (eff. July 1, 2012), which addresses guilty plea proceedings. While Rule 402 is not applicable to probation proceedings, the rules contain similarities such that the caselaw concerning Rule 402 is persuasive in analyzing Rule 402A. See *People v. Dennis*, 354 Ill. App. 3d 491, 495 (2004) (finding caselaw requiring substantial compliance with Rule 402 is applicable to Rule 402A). In the context of guilty pleas, faulty admonishments do not necessitate automatic reversal. *People v. Fuller*, 205 Ill. 2d 308, 323 (2002); *People v. Dougherty*, 394 Ill. App. 3d 134, 139 (2009). Rather, defendant must show the faulty admonishments caused prejudice or the denial of real justice. *Fuller*, 205 Ill. 2d at 323; *Dougherty*, 394 Ill. App. 3d at 139. "The potential windfall to defendants who have suffered no prejudice or injustice without the lack of the statutory admonishment could be far-reaching." *People v. Guzman*, 2015 IL 118749, ¶ 29. Given that a probationer has fewer due process rights

8

than in a defendant in a guilty plea proceeding (see *Hall*, 198 Ill. 2d at 177), we find a probationer would—at least—have to meet the same requirements for reversal as a defendant who has not yet been convicted. Indeed, some cases since *Hall* have required prejudice in order to reverse for failure to comply with Rule 402A. See *People v. Lappin*, 335 Ill. App. 3d 418, 421 (2002) (finding the failure to ensure the voluntariness of defendant's admission was harmless); *People v. Blanke*, 2025 IL App (4th) 240540-U, ¶ 24; *People v. Anderson*, 2023 IL App (3d) 210558-U, ¶¶ 15, 17. We agree with these cases and find that the failure to substantially comply with Rule 402A requires reversal only upon a showing of prejudice or injustice. Consequently, we depart from defendant's authority to the extent that they are not distinguishable.

¶ 22    Here, defendant does not argue that the trial court's error prejudiced him or resulted in an injustice. He does not claim that his admission was the product of coercion or unfulfilled promises. While, on appeal, he requests the opportunity to withdraw his admission, he does not contend that he would have not made the admission at the probation revocation proceedings had the court inquired into the voluntariness of his admission. See, *e.g.*, *People v. Williams*, 2012 IL App (2d) 110559, ¶ 18 (finding no prejudice where the defendant failed to establish that he would have pleaded differently if properly admonished). Defendant thus fails to show that the court's insufficient Rule 402A admonishments require reversal.

¶ 23                                  III. CONCLUSION

¶ 24    The trial court violated defendant's due process rights by failing to comply with Rule 402A, but reversal is not warranted where such error did not prejudice defendant or result in an injustice. Accordingly, we affirm.


¶ 25    Affirmed.

9